DANIEL ALEXANDER v. DAVID STERN.

1. SUITS TO SUBJECT PARTNERSHIP PROPERTY TO FIRM DEBTS.— Partnership property may be subjected to the debts of the partnership by service of citation on one member of the firm; and where the petition and citation authorizes the inference that this is the purpose of the suit, a judgment against the partnership is valid.
2. JUDGMENT, FORM OF.—A judgment that plaintiff recover of the member of the firm served with citation a sum certain, "for which let execution issue, to be levied upon the goods and chattels of the firm, and upon the individual property of the defendant served with citation," is a valid judgment against the partnership, under which the partnership property, real as well as personal, may be siezed and sold.
3. DISSOLUTION OF PARTNERSHIP, EFFECT OF.—The dissolution of the partnership before suit does not affect the creditor's right to such judgment, so long as there is partnership property which could be subjected to execution upon a judgment obtained by service upon all the partners.

APPEAL from Victoria. Tried below before the Hon. T. C. Barden.

*Phillips, Lackey & Stayton,* for appellant.

*Glass & Callender,* for appellee.

WALKER, J.—The partnership firm of Levi Stern & Co. was dissolved in 1863, and the personal assets of the partners divided.

The property in controversy is real estate, and belongs to the partners as tenants in common. Each party could

13

sell his undivided interest and make a good title, subject to partnership debts.

Levi Stern sold his undivided interest to the appellant. At the August term of the District Court for 1866, Tufts & McMillen recovered a judgment in Victoria county, where the property is situated, on a partnership debt against Samuel Alexander; and it appears that the court directed execution against the individual property of Alexander, and also against the property of Levi Stern & Co., under which execution Daniel Alexander became the purchaser, and claims to hold the property, discharged of any claim of the appellant derived from Levi Stern.

Had the suit of Tufts & McMillen been against the firm of Levi Stern & Co., and judgment rendered against them, the execution would have been regular, and the purchaser would have acquired title to the whole property; but this was not the case. The suit was not against the firm, nor was the judgment; and a purchaser under the execution could not acquire any greater interest than that held by Samuel Alexander, if, indeed, he acquired any interest under so irregular a proceeding.

Whatever interest the appellant may have in this property subject to the debts of Levi Stern & Co. is not affected by the sale and deed of the sheriff to Daniel Alexander.

We think the judgment of the District Court is correct, and is therefore affirmed.

October 28, 1873.


*Hancock, West & North,* for rehearing; which was granted.


MOORE, ASSOCIATE JUSTICE.—This case is before us on a motion for a rehearing, made at the last term of the court, and continued by special order for that purpose to the present term.

The suit was instituted by the appellee, David Stern, against appellants, Daniel and Jacob Alexander, to try

title to an undivided half interest of a part of lot number
four, in block number one hundred and thirteen, in the
town of Victoria, and for damages for the use and occupa-
tion of the same.   It is not disputed that the entire prop-
erty formerly belonged to the firm of Levi Stern & Co.,
which was composed of Levi Stern, the father and vendor
of appellee, and Samuel Alexander.   The appellant, David
Alexander, claims title to the entire property, by virtue
of a deed from the sheriff of Victoria county, who sold the
same under an execution issued upon a judgment of the
District Court of said county of Victoria in favor of Tufts
& McMillen, creditors of said Levi Stern & Co., against
said Samuel Alexander, with directions in said judgment
that execution ran against the partnership property of said
Levi Stern & Co. and the individual property of Samuel
Alexander.

On the trial, the court, on the request of appellee, in-
structed the jury that the judgment in favor of Tufts &
McMillen, which had been offered in evidence by appel-
lants in support of the title claimed under the sheriff's
deed, was not a judgment against Levi Stern, nor against
the partnership of Levi Stern & Co., but was a judgment
against Samuel Alexander alone, and the execution issued
on said judgment did not authorize the sale of Levi Stern's
interest in the real estate of said partnership.   The cor-
rectness of this instruction presents the only question
which we need consider for the present determination of
the cause.

It is insisted for appellee that this instruction was proper,
because while, by the statute, a judgment against a firm, by
reason of service or process upon one of the partners, may
be enforced against the partnership property and the sep-
arate property of the partner who may have been served,
this is only where the suit is strictly against the firm, and
not, as is insisted is the case here, against the individual
partner served with process; and unless all the partners

are made parties, and judgment is asked against the partnership property, a judgment of that character is not warranted by the statute. It is also insisted, if the petition of Tufts & McMillen would warrant a judgment to be enforced against the partnership property of Levi Stern & Co., the record shows that this is not the legal effect of the judgment rendered by the court, and especially it is not a judgment which authorizes the sale of real estate belonging to the firm. It is further claimed that the statute is not applicable on partnership liabilities after dissolution of the firm, although the liabilities of the firm have not been liquidated, and a part of the partnership property is still undivided.

We will briefly consider these propositions. The statute upon which appellants rely to support the sheriff's deed reads as follows: "When suit is instituted against a partnership, service or process upon one of the parties shall be sufficient notice to all the members of the firm, except that the judgment rendered in case of such service shall only be enforced against the partnership property of the partner who may be served." It is evident, we think, from the reading of the statute, that unless it appears from the petition that a judgment is sought against the firm, a judgment which subjects the firm property to execution is irregular and erroneous. But however informal and defective the petition may be, if it shows the purpose and intent of the plaintiff to be to subject the partnership property to the payment of a firm debt, we cannot say the judgment is an absolute nullity, which may be attacked in a collateral proceeding by reason of such defect in the petition. If special exceptions had been taken to the petition of Tufts & McMillen, they should have been sustained. But notwithstanding the loose and indefinite, or even contradictory, character of the averments of the petition and prayer for relief, it is evident, beyond question, the suit was brought to enforce pay-

ment of a firm debt. Complaint is made of the failure of the firm to comply with their undertaking. The names of the partners are stated, and the fact that one of them is a non-resident, and cannot, therefore, be served with process, is alleged. We think it quite obvious, from these allegations, that it was the object and purpose of the plaintiffs to avail themselves of the benefit of this statute, and that they sought to subject the partnership, as well as the individual property of the partner against whom process was asked, to the payment of their debt. The court so construed the petition, and intended by its judgment to give the relief asked by the plaintiffs and authorized by the statute. Partnership property may be subject to the payment of partnership debts by service of process upon one member of the firm, because notice to one of the firm for this purpose is effectual, and binds the firm. And where the petition and citation authorizes the inference that this is the purpose of the suit, it cannot be said that the judgment is against parties without notice, and who are not before the court.

If the petition and citation, as we think, authorizes a judgment subjecting the property to the payment of a debt, upon which the plaintiffs' (Tufts & McMillen) suit was brought, there is still less ground to support the objection that this was not the purpose as well as legal effect of the judgment. While it is true it reads "That Walter Tufts and John McMillen do have and recover of the said Samuel Alexander the sum of seven hundred and thirty eight $\frac{10}{100}$ dollars, and all costs expended;" and if this was the entire entry, it might well be insisted that it was a mere personal judgment against Alexander alone: but the judgment continues: "For which let execution issue, to be levied upon the goods and chattels of the firm of Levi Stern & Co., and the individual property of the said Alexander." When we look to the entire judgment entry, there is not the slightest ground for doubt that the court

regarded the suit as brought to subject the partnership property to the payment of the plaintiffs' demand, and that the service of process upon the resident member of the firm authorized a judgment subjecting the same to its payment. That the execution was levied upon land instead of personalty is of no consequence. Real estate belonging to a mercantile partnership, held and used for the purposes of their partnership business, is often spoken of and treated for the purposes of their partnership business as personalty. The question for our consideration is not whether the judgment is drawn with strict legal accuracy, but did it legally subject the partnership property to the plaintiffs' debt. We think, looking at the entire record, it did.

The agreement of the partners for a dissolution of the firm and settlement of their business, stipulated between themselves, does not affect the rights of creditors whose debts are unpaid and who are not parties to such agreement. The purpose of the law which authorizes a judgment against the property of the firm, where service of process cannot be had upon all the partners, was for the relief of creditors; and as long as there is partnership property which could be subjected to execution upon a joint judgment obtained by service upon all the partners, there can be no doubt it may be subjected to the demand of the creditor, although only one member of the firm can be served with process.

For the reasons we have stated we are of opinion the motion for rehearing should be granted, which is accordingly ordered, and the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.