H. BIRMINGHAM ET AL v. W. E. GRIFFIN ET AL.

1. MISJOINDER OF PARTIES.—A brought suit to establish a boundary line for use of B and C. By supplemental petition B and C became parties, showing that at the institution of the suit C only was interested in the land in controversy : *Held*, that demurrer for misjoinder of parties was properly sustained.

2. In such case, it not appearing that plaintiffs asked leave to amend in the court below, it was not error to dismiss the suit for such defect in the petition.

APPEAL from Cass.    Tried below before the Hon. James H. Rogers.

On 21st March, 1871, Hardy Birmingham brought suit in his own name for the use of his sons, G. C. and W. P. Birmingham, to establish a boundary line between the lands of plaintiffs and W. E. Griffin *et al.*, and for rents.

The defendants, at return term, demurred, and pleaded not guilty.

March 7, 1872, G. C. and W. P. Birmingham filed supplemental petition, showing that in 1866 their father, Hardy Birmingham, had conveyed the lands to them, part to one and part to the other; showing that only Wm. P. Birmingham was interested in the lands in controversy from the uncertainty of the division line.

Defendant to the supplemental petition excepted on account of misjoinder of parties plaintiff, and pleaded to the merits.

The court sustained the exceptions, and dismissed the petition.    Motion for new trial was urged, but by the court overruled so far as the suit affected the title to the land.

Plaintiff excepted and appealed.

*W. L. Crawford,* for appellant, cited Hurd *v.* Lockett, 20 Tex., 162; Hollis *v.* Bordea, 10 Tex., 364; 26 Tex., 558; 19 Tex., 142; Johnson *v.* Davis, 7 Tex., 173; Emmons *v.* Ogden, 7 Tex., 175.

*O'Neal & Vaughan*, for appellees.

MOORE, ASSOCIATE JUSTICE. — Hardy Birmingham, in whose name this suit was originally brought, had no interest whatever in the matters in controversy in it. His petition shows that he was not asking the interposition of the court for his own benefit, but for the use of other parties, who, if interested in the matters alleged in the petition, should have brought the suit in their own names. (30 Tex., 158.) But although the suit was improperly brought in the first instance, the irregularity and improper manner in which it was commenced might, under our liberal system of pleading, have been cured by an amendment by the real party in interest making himself a party to it, and a discontinuance as to the original and nominal party by whom it purports to have been brought, at the costs, however, of the plaintiff to the making of the amendment, if claimed by the defendant.

This seems to have been attempted by the supplemental petition filed by the parties for whose use the suit purports in the original petition to have been brought. But the supplemental petition is also subject to substantially the same objection. It is a joint action. The prayer is for a joint judgment, yet the petition on its face shows that only one of the petitioners is interested in the matter in controversy, and that the other is an improper party to the suit. The court did not err, therefore, in sustaining the exceptions to the supplemental as well as the original petition.

The court should, and no doubt did, indicate the grounds on which the exceptions were sustained. And if the plaintiff had then amended the petition by dismissing as to the party improperly joined, and asking that the suit might proceed in the name of the one really interested in it, the court, we must presume, would have permitted this to be done; for, although it is assigned as error that the

court refused to permit appellants to amend, the record does not support the assignment. Instead of making the proper amendment, so that the case might have proceeded to trial in the name of the proper party, the plaintiffs submitted to the judgment upon the issue of law upon which they had gone to trial, and, on a joint appeal, are still endeavoring to prosecute the suit in their joint names.

Neither this court nor the one below is authorized to dismiss a suit as to one of the plaintiffs, and require it to be prosecuted by the other against their wish. When parties plaintiffs are improperly joined, if the court, on being asked to do so, give the parties leave to amend, so as to obviate the objection, it is all that can be expected or required of it. But if the plaintiffs, through design or neglect, fail to make the necessary amendment, the court has no alternative but to give the proper judgment in the demurrer, which is to dismiss the petition.

There is no error in the judgment, and it is affirmed.

AFFIRMED.