SANGER BROS. v. OVERMIER & O'NEIL.

(Case No. 5262.)

1. JURISDICTION — ATTACHMENT — VENUE.— In a suit by attachment to recover
a debt due from a mercantile partnership, and brought in a county in which
neither of the defendants resided, one of the defendants pleaded in abate-
ment, claiming the privilege of being sued in the county of his residence.
Afterwards, and after the dissolution of the partnership, the other defendant
filed a general denial to the action. *Held:*

(1) The entry of an appearance, and the filing of a general denial by the
defendant last answering (it being shown that firm debts were still unpaid),
brought both parties defendant into court for the purposes of the attach-
ment already levied on partnership property alone, notwithstanding the plea
in abatement filed by the other partner, and jurisdiction attached.

(2) The court had jurisdiction to foreclose the attachment and to render
any other judgment affecting only the firm estate.

APPEAL from Parker. Tried below before the Hon. A. J. Hood.
This case came up as an agreed case, but the agreement is so
lengthy, embracing so much pleading in detail, that it is omitted,
since the opinion presents all of it important to be understood.

*B. G. Bidwell,* for appellants.

*I. N. Roach* and *Jasper N. Haney,* for appellees, on the effect of
the answer to the merits (filed after the dissolution of the partner-
ship) on the rights of the defendant who pleaded in abatement, cited:
Hall *v.* Lanning, 1 Otto, 170, 171; Bell *v.* Morrison, 1 Pet., 351, and
the following Alabama decisions, under a statute similar to our
own: Duncan *v.* Lombecklee Bank, 4 Port., 184; Denott *v.* Swaim's
Adm'r, 5 Stew. & Port., 293. Also White *v.* Tudor, 24 Tex., 639;
Haddock *v.* Crocheron, 32 Tex., 276; Story on Partn., sec. 343.

WILLIE, CHIEF JUSTICE.— It appears from the agreed case found
in the record that on the 22d of September, 1881, J. S. Overmier

and E. T. O'Neil were merchants and partners, doing business in Parker county, and on that day bought goods to the value of some $1,600, from Sanger Bros., payable December 22, 1881. On the 29th of October, 1881, Sanger Bros. brought suit in Parker county upon the account incurred for these goods, alleging that the defendants resided in that county, and asking and obtaining an attachment, which was levied upon goods of Overmier & O'Neil. The defendants did not, at the date of bringing the suit, reside in Parker county, but in the county of Van Zandt.

On the 2d of April, 1882, O'Neil filed a plea in abatement, claiming the personal privilege of being sued in Van Zandt county, upon this claim.

On the 25th of November, 1882, J. S. Overmier, through his attorney at law, filed a general denial to the action. .

It is admitted that the partnership between Overmier and O'Neil was dissolved long previous to the filing of this last answer. L. & H. Blum and Marx & Kempner having obtained valid attachments in other counties subsequent in date to that of Sanger Bros., had them levied upon the property seized under the latter, and intervened in this suit, claiming that the attachment of Sanger Bros. was void, the district court of Parker county having no jurisdiction of the cause, and that their liens should be satisfied out of the proceeds of the attached property. It is unnecessary to further recite the pleadings of the parties to the suit.

After the evidence and argument had been concluded, it was agreed by the parties in open court, that the questions of fact raised by O'Neil's plea in abatement should be submitted to the jury for a finding thereon, as to him, and that after their verdict the court should decide all other questions, as well of fact as of law. After the charge the jury returned a verdict in favor of O'Neil, and that the court had no jurisdiction. Whereupon the court rendered judgment in favor of defendant as against Sanger Bros., and, releasing their lien upon the property attached, foreclosed the subsequent attachment liens of the intervenors. From this judgment the plaintiffs appeal to this court.

It is apparent from the record that although the partnership between Overmier and O'Neil had been dissolved previous to Overmier's appearance and defense filed to this action, yet the partnership debts had not all been paid. The debt of the plaintiffs and those of the intervenors were still outstanding against the firm. Under such circumstances, it has been held by this court that service of citation upon one partner will authorize a judgment against part-

nership property. Tex. & St. L. R'y Co. *v.* McCaughey, 4 Tex. L. R., 293; Alexander *v.* Stern, 41 Tex., 193.

In the first of these cases the issuance and service of citation was waived by one partner after the dissolution of the firm, and it was held sufficient under art. 1224, Revised Statutes. The same effect must be given to the entry of an appearance and the filing of a plea to the action by one member of the firm. It must be held to bring the firm into court for the purposes of adjudication so far as the common property of the partnership is concerned. That was sufficient for the purposes of the attachment, it having been levied on partnership assets alone. As the individual assets of O'Neil could not be reached under a judgment rendered upon service on Overmier alone, his plea in abatement became useless after Overmier's answer was filed. The verdict of the jury upon that plea could not find, neither could the court adjudge upon their verdict, that it had no jurisdiction to preserve the attachment, and render a judgment binding upon the partnership property.

We are of opinion that the court had jurisdiction, by reason of Overmier's answer, to foreclose the plaintiffs' attachment, and to render any other judgment in the cause affecting only the firm estate of Overmier & O'Neil, and that the court erred in its judgment as recited, for which error the judgment must be reversed and the cause remanded.

Under this view of the case it is unnecessary to pass upon any of the other questions raised by the record.

REVERSED AND REMANDED.

Opinion delivered April 24, 1885.]