No. 2493.

## J. C. HENDERSON ET AL. *v.* C. C. BANKS.

1. JURISDICTION.—The power of a court to alter or reform its judgment continues during the term. If after judgment against several, it shall appear that one of the defendants had not been served with process, and that as to him jurisdiction had not attached, the judgment may be reformed so as to relieve the party not served from its operation, and continue in force against the other defendants. If the defendant not properly before the court is a partner with a defendant who was properly served, and the suit is on a claim due from the partnership, it is proper to so reform the judgment as to exempt from individual liability the partner not served, and render the judgment against the partnership, and the members thereof individually on whom service was obtained.

APPEAL from Galveston. Tried below before the Hon. W. H. Stewart.

In this case J. C. Henderson accepted service for himself and his partners, co-defendants; judgment was rendered against J. C. Henderson individually, and against the others as co-partners.

*Labatt & Noble,* for appellants: After dissolution one partner has no authority to waive issuance and service of citation and

appear for his co-partners in a suit against the firm. (Bright v. Sampson, 20 Texas, 21; White v. Tudor, 24 Texas, 641; Speake v. White, 14 Texas, 364; Fowler v. Morrill, 8 Texas, 153; Hall v. Lanning, 1 Otto (U. S.) 160; Duncan v. Tombigbee Bank, 4 Porter (Ala.) 184; DeMott v. Swain, 5 Stewart & P. (Ala.) 293.)

*F. Charles Hume,* for appellees.

ACKER, JUDGE. Appellees, executors of the estate of J. B. Banks, brought this suit to recover several sums of money alleged to have been loaned to, or deposited with, appellants, J. C. Henderson, C. R. Miller and J. L. Henderson, who were partners doing business during the time the several sums of money were received, under the different firm names of J. C. Henderson, Henderson & Miller, and J. C. Henderson & Bro. Most of the items sued for, amounting to about four thousand three hundred and fifty dollars, were evidenced by due bills, all of which appeared to be barred by limitation, except a due bill for two thousand two hundred and sixty-eight dollars and eighty-one cents. Appellants plead the statute of limitation to all items sued for, except the due bill for two thousand two hundred and sixty-eight dollars and eighty-one cents, and plead payment in full of all indebtedness. Appellees, by supplemental petitions, alleged that J. C. Henderson, the active managing member of the firm, was son-in-law to executrix, C. C. Banks, and received the money on deposit for the use of his firm, to be returned when demanded, and specially denied payment. No jury was demanded, and the trial was by the court, but no conclusions of law or fact were filed. Appellant J. C. Henderson, waived citation and accepted service for himself and other defendants, and pleadings were filed for all of them. Judgment was rendered February 19, 1887, against J. C. Henderson, J. L. Henderson and C. R. Miller for two thousand one hundred and thirty-three dollars and eighty-seven cents. During the term J. L. Henderson and C. R. Miller filed motions to set aside the judgment upon the grounds, that they had not been served with citation and had never authorized any one to waive citation and accept service for them, nor had they ever authorized any one to enter appearance or file answers for them. On hearing these motions, the court reformed the judgments so as to award execution against the firm, and only against J. C. Henderson individually.

It is contended that the court erred in admitting in evidence over objections of appellants the due bills and receipts sued on which appeared to be barred by the statute of limitations. There were items of set off pleaded by appellants, which appeared to be barred, to which the statute of limitations was pleaded by appellees, and, in the absence of a showing to the contrary, it must be presumed that the court took all these items into consideration in determining the balance, for the judgment was rendered for a less amount than one item sued for, which clearly was not barred.

It is contended that the court erred in reforming the judgment instead of granting a new trial. The acceptance of service by J. C. Henderson authorized judgment against him individually and against the partnership, and we can not see that J. L. Henderson and C. R. Miller have any just cause of complaint because the court on their ex parte showing so reformed the judgment as to relieve them of individual liability. (Sanger v. Overmier, 64 Texas, 57; Alexander v. Stern, 41 Texas, 193; Railroad Company v. McCaughey, 62 Texas, 271.)

The court had absolute control of the judgment during the term, and had the right to change or reform it, in any way not inconsistent with the rules of procedure, and as might be demanded by the rules of law. (Wood v. Wheeler, 7 Texas, 13.)

Other assignments of error relate to the sufficiency of the evidence, and will not be discussed, as we think the evidence abundantly sustains the judgment.

There is no error in the record that we think requires reversal, and we are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*