JULIA F. HALSELL ET AL. v. CHARLES A. McMURPHY ET AL.

No. 46.

**1. Clerical Error.**

    In the judgment entry in a suit against James L. Thompkins and Gilbert L. McMurphy. partners, the name *Gabriel* appeared instead of Gilbert. *Held*, that as from the entire record it clearly appeared that the name *Gabriel* was a clerical error, such error did not affect a sale under execution against the real defendants.............. ......... 101

**2. Immaterial Error.**

    As the land sold was partnership property of the firm, Thompkins & McMurphy, the suit being against its members, and the service good against Thompkins. the judgment and execution passed title in the property, even if there had been an error as to the name of the other partner ...................................................................... 102

ERROR to Court of Civil Appeals for Second District, in an appeal from Clay County.

*A. L. Swan* and *B. L. Frost*, for plaintiffs in error. — 1. A judgment entirely against Gabriel L. McMurphy will not sustain an execution sale of the property of Gilbert L. McMurphy. Morris v. Balkham, 75 Texas, 111; Battle v. Guedry, 58 Texas, 111.

2. If a judgment is rendered against the wrong person by mistake, it may be corrected; but not so as to affect a sale made under it prior to such correction, and in the court rendering it. Sayles' Civ. Stats., arts. 1334, 1335, 2267; Freem. on Judg., 38, 39, 72, 457; McKay v. Bank, 75 Texas, 181; Morris v. Balkham, 75 Texas, 111.

3. The judgment was not valid against the firm. Bybee v. Ashby, 2 Gilm., 151; Bell v. Van Zandt, 54 Texas, 151; Clay v. Hildebrand, 34 Kans., 695.

*Soward & Martin*, for defendants in error. — In determining against whom a judgment or consideration of a court is rendered, and as to who the real parties to a suit which has resulted in a judgment are, the court should look to the whole record in the case.

McKay & Johnson v. Speak, 8 Texas, 376: Justice Lipscomb says; what was so obviously a mistake of the clerk, and could be amended by the record, will be considered as amended.

Little v. Birdwell, 27 Texas, 692, 693: The court says, "The entry of the judgment in connection with the record leaves no doubt as to the parties in whose favor it was rendered. This, we think, was sufficient."

Fowler v. Doyle, 16 Iowa, 535: In this connection Judge Dillion says, "It is necessary to read the record entry in the light of the pleadings and entire record."

Wilson v. Nance, 191 Humph., 11: "The act of the clerk in omitting to state the name of one of the defendants in the margin of the entry can have no influence in the determination of the question who are or who are not properly defendants. Who are (such defendants), is a matter to be ascertained by reference to the process, pleadings, and proceedings in the suit."

STAYTON, CHIEF JUSTICE. — Inspection of the record shows clearly that the name "Gabriel L. McMurphy," found in the judgment entered, was simply a clerical mistake. The petition shows the true name, as well as the further fact that the action was brought against James L. Thompkins and Gilbert L. McMurphy as partners; and in addition to the judgment being entered against the McMurphy who was a *defendant*, that entry shows that the McMurphy against whom judgment was in fact rendered was only liable with Thompkins as surety on the note sued on, which was,

in effect, the position of Gilbert L. McMurphy, for they were shown by the petition to be only endorsers.

We fully concur with the Court of Civil Appeals as to the law governing the case, and in view of the entire record, in the conclusion that it shows that the judgment was in fact rendered against Gilbert L. McMurphy.

There is, however, another view of the case decisive against the claim of any of the plaintiffs.

The land in controversy belonged to the partnership composed of James Thompkins and Gilbert L. McMurphy, insolvent and dissolved at the time the judgment was rendered under which the land was sold.

The petition showed that the action was against them on a partnership liability, and if there had been no judgment binding on Gilbert L. McMurphy, under which execution might issue against property owned solely by him, the judgment rendered authorized the sale of the land, as it was partnership property, and no question is made as to the validity of the judgment against Thompkins. Alexander v. Stern, 41 Texas, 193; Railway v. McCaughey, 62 Texas, 272; Sanger Bros. v. Overmier & O'Neil, 64 Texas, 57; Henderson v. Banks, 70 Texas, 398; Rev. Stats., arts. 1224, 1346.

If it were believed that the form of the judgment or execution, or any irregularity in them, caused the property to sell at an inadequate price, of which there is no suggestion, then relief might have been granted, if the facts justified it, in a direct proceeding to set aside the sale on that ground; but as there was nothing to render the sale void, title passed by it to the purchaser.

Judgment of the Court of Civil Appeals will be affirmed.

*Affirmed.*

Delivered October 26, 1893.