### FRERICH et al. v. HERING et al.

(Court of Civil Appeals of Texas. San Antonio. May 15, 1912. Rehearing Denied June 5, 1912.)

JUDGMENT (§ 310*) — REFORMATION—PARTIES NOT SERVED.

Judgment against a partnership and the individual partners is properly reformed, so as to exempt a partner who was not served, without affecting the judgment against the partnership and the partner served.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 601–603; Dec. Dig. § 310.*]

Appeal from Bexar County Court; Edward Dwyer, Judge.

Action by Charles Frerich against A. B. Hering and another. Judgment for plaintiff, and defendants appeal. Affirmed.

Geo. R. Gillette, of San Antonio, for appellants. Burnett & Storms, of San Antonio, for appellee.

FLY, J. Charles Frerich instituted this suit against A. B. Hering and Henry Frerich, alleging that in December, 1909, Hering brought suit in the justice's court against the Government Hill Wood Company, Henry Frerich, and Charles Frerich, and judgment was obtained by the parties against Hering, who appealed to the county court, where he obtained judgment against all of the parties for $95; that Charles Frerich was never cited to appear in the justice's court or county court, and entered no appearance in either; that as soon as he learned that such judgment had been rendered against him, he attempted to have it set aside, and he prayed for a writ of injunction to restrain Hering from enforcing or attempting to enforce the judgment, that citation be issued requiring Hering and Henry Frerich to appear and answer the petition, and that the judgment of the county court be declared void. Hering answered that his suit in the justice's court was against the Government Hill Wood Company, a firm composed of Charles Frerich and Henry Frerich, that the Wood Company and Henry Frerich filed an answer, and the cause was continued at the request of the defendant's attorney, who, in consideration of the agreement to continue, agreed to appear at the ensuing term for Charles Frerich, and did so appear, and afterwards on appeal the attorney represented the defendants and raised no question as to Charles Frerich not having been served, nor having appeared, and it was alleged that Charles Frerich had notice and knowledge of the suit and was represented by his attorney. The cause was heard, a jury was waived, and, the court finding that Charles Frerich was not a party to the original suit by citation or appearance, the personal judgment against him was set aside, and the judgment was reformed so as to adjudge that Hering recover of the Wood Company and Henry Frerich the amount sued for by him, and the injunction was perpetuated to the extent of restraining the execution of the judgment against Charles Frerich personally.

Through the first assignment of error, appellants contend that the county court had no authority to vacate the judgment as to the partner not served and to hold it binding as to the partnership and the partner who was served. If a defendant not served with citation is a partner with a defendant who was properly served, and the suit is on a claim due from the partnership, it is proper to so reform the judgment as to exempt from individual liability the partner not served, and render the judgment against the partnership, and the members thereof individually on whom service was obtained. Henderson v. Banks, 70 Tex. 398, 7 S. W. 815; Halsell v. McMurphy, 86 Tex. 100, 23 S. W. 647; Staacke v. Walker, 73 S. W. 408; Glasscock v. Price, 92 Tex. 271, 47 S. W. 965. The personal judgment against the partner not served was voidable, but that did not affect the validity of the judgment as against the partnership and the partner who was served. The court merely removed the void part of the judgment, as he had the right to do. The partnership did not allege that the judgment was unjust as to it, and neither did the partner who was served; in fact, they did not answer at all. The court inquired into the only issue before it, and effectually answered it by the judgment.

It is not denied by appellants that Charles Frerich was entitled to an injunction restraining the execution of the judgment; but it is insisted that appellants should have had the same relief, although they made no effort to obtain it, until they made their second motion for new trial. The reformation of the judgment accomplished no more than the perpetuation of the injunction. It merely relieved Charles Frerich of personal liability, as it should have done.

The judgment is affirmed.