SLAUGHTER v. AMERICAN BAPTIST PUBLICATION SOCIETY et al.

(Court of Civil Appeals of Texas. San Antonio. June 19, 1912. Rehearing Denied Oct. 16, 1912.)

1. ASSOCIATIONS (§ 20*)—ACTIONS AGAINST—SERVICE OF PROCESS.

Service of process against an unincorporated association in 1906, on a member who had charge of its affairs and was acting as manager, agent, or secretary pro tem., was sufficient service, especially in view of Acts 30th Leg. c. 128, thereafter enacted, authorizing service on unincorporated joint-stock companies or associations to be made on the president, secretary, or general agent.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 36–43; Dec. Dig. § 20.*]

2. ASSOCIATIONS (§ 20*)—ACTIONS AGAINST—WHEN MAINTAINABLE.

A party furnishing supplies to an unincorporated missionary association and taking its note in payment therefor had an equitable lien on its property, which it could enforce by action.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 36–43; Dec. Dig. § 20.*]

3. ASSOCIATIONS (§ 16*)—ACTIONS AGAINST—PARTIES — LIABILITY OF MEMBERS — "PERSON."

An unincorporated association is not a "person," and has not the power to sue or be sued; but when it has been organized and conducted for profit it will be treated as a partnership, and its members held liable as partners.

[Ed. Note.—For other cases, see Associations, Cent. Dig. §§ 26–28; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

4. PARTNERSHIP (§ 219*)—ACTIONS AGAINST FIRM—SERVICE OF PROCESS.

Service of process on one member of a partnership will authorize a judgment against him and against the firm.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 429–440, 442–445; Dec. Dig. § 219.*]

5. JUSTICES OF THE PEACE (§ 59*)—JURISDICTION—PRESUMPTION.

In the absence of anything to show what was pleaded in an action in justice's court, it will be presumed in a collateral action that proper allegations were made to give the court jurisdiction.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 216; Dec. Dig. § 59.*]

6. EXECUTION (§ 472*)—WRONGFUL EXECUTION—DAMAGES.

Mental anguish, or the effect on the standing as an individual, or as a minister of the gospel, of a member of an unincorporated missionary association from a wrongful levy on

the property of the association, is too remote to form the basis for damages.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1403, 1404; Dec. Dig. § 472.*]

7. JUSTICES OF THE PEACE (§ 135*)—JUDGMENT—ACTIONS TO VACATE OR FOR EQUITABLE RELIEF—EXISTENCE OF OTHER ADEQUATE REMEDY.

The execution of a judgment taken in justice's court on imperfect service, or no service at all, will not be enjoined, where defendant has a remedy by appeal or writ of certiorari.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 426–447, 749; Dec. Dig. § 135.*]

8. EXECUTION (§ 472*)—WRONGFUL EXECUTION—DAMAGES.

The measure of damages for the wrongful levy and seizure of goods is the goods themselves, or their value, with compensation for their detention, which would ordinarily be legal interest during the time of the detention, and does not include mental anguish, the production of scandal and gossip, and the failure to receive voluntary contributions; and hence, where the property was returned after being detained one week, without any deterioration in value, there was no basis for damages.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1403, 1404; Dec. Dig. § 472.*]

9. PARTIES (§ 16*)—ACTION (§ 50*) — MISJOINDER OF PARTIES AND ACTIONS.

Where a petition sought to recover damages suffered by plaintiff individually, and as a member and agent of an unincorporated association, from a wrongful levy on the association's property, there was a misjoinder of parties and actions.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 15, 16; Dec. Dig. § 16;* Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.*]

10. PLEADING (§ 218*)—DEMURRER—FAILURE TO PLEAD OVER—DISMISSAL.

Where, after a demurrer to the petition is sustained, plaintiff does not ask leave to amend, it is not error to dismiss the suit.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 549–566; Dec. Dig. § 218.*]

Error to District Court, Dallas County; Kenneth Foree, Judge.

Action by S. H. Slaughter against the American Baptist Publication Society and others. Judgment was rendered dismissing the petition on demurrer, and plaintiff brings error. Affirmed.

E. G. Senter, of Dallas, for plaintiff in error. Walter H. Walne, of Houston, for defendants in error.

FLY, J. Plaintiff in error instituted this suit for himself and for the use and benefit of the officers and executive board of the Baptist Missionary Association of Texas, an unincorporated society, against the American Baptist Publication Society, B. J. Robert, H. C. Robert, H. W. Gilmer, H. N. Fanning, and the American Binding Company of Baltimore to obtain a writ of mandatory injunction requiring the defendants to deliver to the plaintiff certain property and books which, it was alleged, they had seized, and for $20,000 actual and $10,000 exemplary damages, said amounts to be "apportioned equally between the plaintiff, S. H. Slaughter, in his individual capacity and plaintiff in his representative capacity."

It was alleged in the petition that the Baptist Missionary Association of Texas was an unincorporated society composed of about 1,000 Baptist Church organizations in Texas, organized to promote the growth and spread of Christianity in Texas and throughout the world; that it has no capital stock, and depends wholly upon voluntary contributions to maintain its work; that plaintiff is the duly authorized agent of the officers and executive board of the association to supervise and direct its affairs, and duly empowered to sue for its benefit; that on September 20, 1906, defendants forcibly, violently, illegally, wrongfully, and maliciously entered the office of plaintiff, with various and sundry unlawful designs to discredit and debase the association and destroy its efforts "and to cast a cloud over the reputation of S. H. Slaughter and the other officers of said association for integrity and fair dealing, and, with the willful and malicious intent to cause and to lead the Baptists of Texas and the public generally to believe that said officers of said association, and said association, and said S. H. Slaughter were guilty of some sort of moral and financial delinquency, did forcibly and violently seize upon and remove from said office and take into their own possession, and still retain possession of, certain books and publications held by said Slaughter for sale, as aforesaid, as the agent of said officers and executive board of said association." The property, which consisted of numerous Oxford Bibles, Smith's Dictionaries, copies of "Paradise Lost," "The Prince of the House of David," "Prodigal Son," "Pilgrim's Progress," "Speeches of Daniel Webster," "Mabel Clement," and various other more or less standard works, is fully described in the petition and alleged to be of the value of $173.61.

It was alleged that by the malicious and wrongful acts of defendants plaintiff has been deprived of the ability to properly conduct the business and affairs of the Missionary Association; that he was unable to fill orders for the books and publications named; and that, in the capacity stated, he has lost, and will lose, not only the books, but the profit, which would have been about $150; "that said trespass has caused much scandal and gossip on the part of the public generally and among the Baptists of Texas, and that by reason thereof the religious and business standing and reputation of said Baptist Missionary Association of Texas and said officers and agents thereof and of the said S. H. Slaughter, touching both his individual standing and his standing as a minister of the gospel, have been and will be greatly injured; that such results were anticipated by the defendants, and that their said wrongful conduct was willfully design-

ed to produce said results; that because thereof said Slaughter has been greatly harassed, humiliated, and annoyed and caused to suffer, and will be indefinitely caused to suffer, great mental anguish; that said association and the officers thereof are dependent for the means to carry on said work upon voluntary contributions from the Baptists of Texas and from the public generally, and that the greater volume of said contributions are usually received in the fall of the year; that because of said injury to the standing and general reputation of the plaintiff and said association and said officers thereof, and because of the scandal and gossip resulting therefrom and from the wrongs committed by defendants and herein complained of, said contributions have been caused, and will be caused, to fall off, and the business conducted by plaintiff, as aforesaid, through the sale of books and publications in said capacity has been and will be damaged, and the work and mission of said Baptist Missionary Association of Texas and the officers thereof, as aforesaid, have suffered irreparable injury in general reputation and standing among the Baptists of Texas and the public generally, and that as a result thereof and of said wrongs and injuries herein complained of plaintiff has suffered and will suffer, and said Baptist Missionary Association of Texas and the officers thereof have suffered and will suffer, actual damages, each in the sum of $10,000.

"Plaintiff shows that defendants pretended to make a levy upon said property and books seized by them, as aforesaid, under and by virtue of a certain instrument purporting to be an execution, issued by the justice court of precinct No. 1, Dallas county, Tex., Hon. R. H. Lee, justice presiding, to enforce the collection of a pretended judgment for the sum of $56.80 against said Baptist Missionary Association of Texas; that defendants are threatening to make public sale of said property on or about the 2d day of October, 1906; that said pretended judgment and execution and all proceedings thereunder were wholly illegal, null and void; that neither the plaintiff, nor any officer, agent, or representative of said Baptist Missionary Association of Texas, was a party to said proceedings; that neither said association, nor the plaintiff, nor any officer of said association, was indebted to either of the defendants in the sum named or upon the account set up in said proceedings in said justice court; that no rights of any sort accrued thereunder in favor of defendants, or either of them, against the plaintiff, or against said Baptist Missionary Association of Texas, or against either of its officers or representatives in their said capacities or otherwise; that if the defendants should proceed to make public sale of said books as they are threatening to do plaintiff and the officers of said association and said associa-

tion will suffer great and irreparable damages."

A general demurrer and special exceptions to the petition were filed by defendants, and each and all of them were sustained by the court, and, plaintiff having declined to amend, the cause was dismissed, and from that judgment this appeal has been prosecuted.

[1] In a pleading designated a trial amendment, appellant shows that he was in charge of the affairs of the Missionary Association, with the knowledge and consent of its officers and members, and was served with a citation issued against the association, and that the attorney of the association was fully informed of such service and the pendency of the suit. The service upon plaintiff was service upon the voluntary association of which he was a member, and who had charge of its affairs. Carleton v. Roberts, 1 Posey, Unrep. Cas. 587.

Plaintiff, when served with the citation from the justice of the peace, was in just as absolute control of the affairs of his association as when he instituted this suit. He alleges in this suit that he "is the duly authorized agent of said officers and executive board of said association to supervise and direct the affairs and work of said association," and he was acting as the manager, agent, or secretary pro tem. when the service was had. At the time of the service on plaintiff, there was no law prescribing the manner of service on unincorporated or voluntary associations; but service on the agent of a corporation would be service on the corporation, and it would seem that such service would be sufficient on an association not incorporated. Bacon, Ben. Soc. § 441. This view is strengthened by the fact that in 1907 it was enacted that service on unincorporated joint-stock companies or associations may be had on the president, secretary, treasurer, or general agent. Acts 1907, p. 240. Plaintiff was at least secretary de facto and general agent when he was served.

[2] In this case it appears that the judgment of the justice's court was based on a promissory note, executed by the Missionary Association, and it was presumably incurred for supplies furnished by the Publication Association. Under these circumstances, the Publication Association had an equitable lien on the property of the Missionary Association. Under the allegations of the petition, the Missionary Association was not a charitable organization engaged in distributing books for the evangelization of mankind, but was organized and conducted for profit, and that, too, tremendous profit; for it is alleged that it was expected to make $150 profits on $173.61 worth of books.

[3, 4] It has been held that an unincorporated association is no person, and has not the power to sue or be sued; but when such association has been organized and is

conducted for profit it will be treated as a partnership, and its members will be held liable as partners. Burton v. Furniture Co., 10 Tex. Civ. App. 270, 31 S. W. 91. Either on the ground that the suit in the justice's court was brought to enforce some equitable right against the property of the Missionary Association, or on the ground that the association was a partnership, because conducted for profit, a suit against it could be maintained and service on the de facto secretary, who was one of the partners, was service on the association. Service of citation on one member of a partnership will authorize a judgment against him and the firm. Halsell v. McMurphy, 86 Tex. 100, 23 S. W. 647; Frank v. Tatum, 87 Tex. 204, 25 S. W. 409.

[5] In the absence of allegations as to what was pleaded, we must presume that the proper allegations were made in the justice's court case to give the court jurisdiction.

[6] Appellant shows no cause of action in himself. Levy of an execution on the books of a voluntary association could not have in any manner injured him in purse or reputation, and the petition fails to show any such injury. The theory advanced in the petition, that such levy could have affected his standing as an individual, or as a minister of the gospel, is too far-fetched to form the basis for a claim for damages in a court of justice. The levy was not on his property; the debt was not created during his incumbency in office; and it would take, a far stretch of the imagination to detect or build up any damages to him in any capacity. If any one was injured, it was the Missionary Association, and that injury, if any, resulted from the failure or refusal to pay a debt which was justly due. The doctrine of mental anguish, which plaintiff desires to apply to himself, can hardly be invoked in a case where the mental anguish is the outcome of the collection of a debt from a voluntary association of which the complainant is a member. The doctrine of mental anguish has never been extended so as to include such subjects. Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564.

[7] If the judgment was taken in the justice's court on imperfect service, or no service at all, and that rendered the judgment void, still the defendant, having the right to an appeal or to the writ of certiorari, could not obtain an injunction to restrain the execution of the judgment. Plaintiff and the association knew that the judgment had been obtained, and even when this suit was filed the legal remedy of a writ of certiorari was available. Railway v. Wright, 29 S. W. 1134; Railway v. Ware, 74 Tex. 47, 11 S. W. 918; Railway v. Wright, 88 Tex. 346, 31 S. W. 613, 31 L. R. A. 200. As said by this court in the Wright Case herein cited: "An adequate remedy by means of a writ of certiorari was accessible even at the very time that appellant applied for an injunction, and it should have invoked its aid to obtain relief. The writ of certiorari would have given all the relief sought by appellant, and no reason is given for not invoking it." This effectually disposes of the application for a writ of injunction.

[8] The record shows that an order was granted by the court on September 26, 1906, commanding defendants to deliver to plaintiff the books taken from the Missionary Association, upon the execution of a bond by plaintiff in the sum of $125. That bond was executed, and presumably the property, which had been in the possession of defendants for not more than six or seven days, was placed in the possession of plaintiff, and damages amounting to $30,000 are claimed to have arisen by depriving plaintiff of its possession for that short time. None of the property was alleged to have been lost, and none of the items of actual damages alleged could have arisen, and the others were altogether speculative, remote, and visionary. Mental anguish, the production of scandal and gossip, and the failure to receive voluntary contributions are not items of damage arising from the seizure of property. The measure of damages in suits where goods have been illegally seized is the goods, if not sold, and, if so, their value, with compensation for their detention, which would ordinarily be legal interest from the time of the seizure. Wallace v. Finberg, 46 Tex. 35; Blum v. Merchant, 58 Tex. 400; Tucker v. Hamlin, 60 Tex. 171; Railway v. Holliday, 65 Tex. 512; Trawick v. Martin-Brown Co., 79 Tex. 461, 14 S. W. 564. It was not alleged that the property had deteriorated in value by its detention of a week, and, being in possession of the goods, there is no basis for damages. Neither attorney's fees nor injury to credit could be recovered as actual damages. Railway v. Ware, 74 Tex. 47, 11 S. W. 918; Yarborough v. Weaver, 6 Tex. Civ. App. 215, 25 S. W. 468; Kaufman v. Armstrong, 74 Tex. 65, 11 S. W. 1048; Kirbs v. Provine, 78 Tex. 353, 14 S. W. 849.

[9, 10] There was an attempt to recover for an individual and for an association, and there was clearly a misjoinder of parties and actions, and the court very properly sustained an exception on that ground. Construction Co. v. Medlegge, 75 Tex. 634, 13 S. W. 257. And plaintiff not asking leave to amend after the demurrer was sustained, it was not error to dismiss the suit. Birmingham v. Griffin, 42 Tex. 147.

There being no error in the action of the court in dismissing the suit, the judgment is affirmed.