BALLARD v. ELLERD et al.　(No. 5911.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 21, 1917. Rehearing Denied Dec. 12, 1917.)

1. DISMISSAL AND NONSUIT &⇒54 — WHEN PROPER.

Where petition was brought as one in trespass to try title, but was insufficient therefor, clearly showing that plaintiff had neither legal nor equitable title, yet if it alleged sufficient as against general demurrer to sustain a suit for specific performance of a contract to convey land, the cause should not be dismissed, but should be retained as the suit for specific performance.

2. SPECIFIC PERFORMANCE &⇒104—VENUE OF ACTION.

Where a petition set up trespass to try title, but was insufficient therefor, and was sufficient as against general demurrer to sustain suit for specific performance of a contract to convey land, the question of venue of the suit must be determined as though its sole object was specific performance.

3. VENUE &⇒22(1)—SPECIFIC PERFORMANCE.

In suit for specific performance of contract to convey land, the proper venue of the suit was the county of the residence of the defendants when they set up the plea of privilege to be sued therein.

4. JUDGMENT &⇒298—AMENDMENT—POWERS OF COURT.

The court has full authority during the term to set aside a judgment if erroneous and render proper judgment, and it may do so on its own motion.

5. PLEADING &⇒72—DISCLAIMER—RIGHT TO JUDGMENT.

Where certain defendants disclaimed before the petition was assailed, if the plaintiff desired judgment as to the disclaiming parties he must demand judgment.

Appeal from District Court, Wilson County; F. G. Chambliss, Judge.

Action by B. F. Ballard against R. M. Ellerd and others. From a judgment of dis-

missal, plaintiff appeals. Affirmed in part, and in part reversed and remanded, with instructions.

B. F. Ballard and King & West, all of Floresville, for appellant. O. A. McCracken, of Floresville, for appellees.

FLY, C. J. This is a suit instituted by appellant against R. M. Ellerd, W. B. Lewis, A. W. Strange, and the South Texas Oil Company, a private corporation, seeking to recover five acres of land. A general demurrer was sustained to the petition, and the cause dismissed.

The parts of the petition necessary to a consideration of its sufficiency as against a general demurrer are as follows:

"That plaintiff is the owner in fee simple of the following described land and premises situated in the state of Texas, county of Wilson, and described as follows, to wit: Five acres of land out of the S. & J. Arocha grant eight league, lying S. and adjoining the city of Floresville and a part of that certain 25 acres of land conveyed by A. G. Pickett to the defendants Ellerd and Lewis on February 17, 1906, and of record in volume 54, page 608, of the Deed Records of Wilson county, said premises being more particularly described as follows, to wit: Commencing at the S. W. corner of a lot of 2 acres conveyed to plaintiff by John McDaniel, guardian of Delphina Delgado, said corner being on the line of a tract of land which formerly belonged to T. A. Watson, now owned by J. C. Houston. Thence S. 48¾ deg. W. along fence and line of the Houston tract 375.5 varas to the S. W. corner of this tract. Thence S. 41¼ deg. E. 75.10 vrs. to the S. E. corner of this land. Thence N. 48¾ deg. E. 375.5 vrs. to the N. E. corner of this land and corner of plaintiff's aforesaid two-acre tract. Thence N. 41¾ W. 75.10 vrs. to the place of beginning, and being the same land described in a contract, dated February 17, 1906, between the defendants Ellerd and Lewis upon the one part and the plaintiff, B. F. Ballard, upon the other part, which said contract is of record in volume 54, page 607, of the Deed Records of Wilson county, Texas, and the aforesaid land is described in said contract as follows, to wit: 'Said land shall lie next to two acres of land owned by B. F. Ballard and be valley land. Said 5 acres is to be adjoining J. C. Houston's tract and is to be 1 acre wide and 5 acres long, and is to lie along said Houston's land east and west.' Said contract further provides that said 5 acres is to be taken out of the 25 conveyed to them by A. G. Pickett as aforesaid, and is bounded by the field notes hereinbefore given and set out. That on or about the 17th day of August, 1906, plaintiff was legally entitled to the possession of the aforesaid land and premises claiming the same in fee simple, and that on the 17th day of August, 1907, defendants unlawfully entered upon said land and premises and dispossessed the plaintiff, and unlawfully withholds from him the possession thereof, to his damage in the sum of $500. That the reasonable annual rental on said land and premises is $150.

"Plaintiff further represents to the court: That he is entitled to the fee-simple title to the land and premises above described, and is entitled to possession of the same, by virtue of the facts hereinafter set out. That at the time said A. G. Pickett deeded to Ellerd and Lewis the 25 acres hereinbefore referred to plaintiff paid to said Pickett the purchase price of 5 acres of land by deeding to said Pickett 10 acres of land of the value of $200, and said Ellerd

and Lewis signed the agreement hereinafter set forth, and herein sued on in consideration of said payment, and for the reason that plaintiff had paid a full price for 5 acres out of said 25 acres; that plaintiff paid for said 5 acres of land as aforesaid at the request of defendants in consideration of defendant's promise to deed said 5 acres to plaintiff as provided in the contract hereinafter set forth. That on, to wit, the 17th day of February, 1906, defendants Ellerd and Lewis executed, signed and delivered a contract in writing which was agreed to and signed by plaintiff, who was a party thereto, whereby said defendants Ellerd and Lewis bound and obligated themselves to plaintiff in the matters and things hereinafter set out, which said contract was on the 23d day of August, 1906, filed for record in the county clerk's office of Wilson county, Tex., and duly recorded as aforesaid. That said defendants Ellerd and Lewis obligated themselves, their heirs and assigns, to execute and deliver to plaintiff a warranty deed to the land and premises hereinbefore described on the happening of the following conditions, that is to say: (a) If a well for oil was not commenced to be bored in six months from the date of said contract hereinbefore mentioned on the land conveyed by A. G. Pickett to said defendants Ellerd and Lewis, and which they had agreed with said Pickett to bore, which said deed of conveyance is dated February 17, 1906, and recorded as hereinbefore set out. (b) After said well or wells had been completed, said well did not produce oil in paying quantities. (c) Or when said property (meaning said 25 acres conveyed by Pickett) had been abandoned by said Ellerd and Lewis as an oil field. (d) Or when boring for oil ceased or when the machinery for boring was removed from said well or wells, or when the property or wells had been abandoned by said Ellerd and Lewis as an oil field, and plaintiff alleges that said contract as aforesaid was breached by the said defendants by the violation of any one of its conditions as well as by the violations of all of them, and upon the happening of either one or all as set out in said contract plaintiff was entitled to his deed as aforesaid.

"Plaintiff further alleges: That on the 18th day of May, 1906, defendants Ellerd and Lewis conveyed to the defendant South Texas Oil Company all the land and premises hereinbefore mentioned without the knowledge or consent of plaintiff, and that said defendant corporation is now in possession of the land herein named and sued for. That said conveyance was not upon a valuable consideration, but for the purpose of development only, the real or equitable ownership of said land remaining in said Ellerd and Lewis, and that since said time said Ellerd has acquired the legal title to said land. That heretofore, to wit, on the 9th day of December, 1911, the defendant W. B. Lewis filed in this court his disclaimer of his interest in the matters and things involved in this suit after interlocutory default judgment had been rendered against him herein, thereby abrogating and repudiating his contract as hereinbefore set out.

"Plaintiff alleges that defendants did not commence, as bound by the terms of their contract, to bore a well upon the land hereinbefore described within six months from the date of the execution of said contract. Plaintiff alleges that the well so bored by defendants did not produce oil in paying quantities. Plaintiff further alleges that said property has been abandoned by defendants as an oil field, and defendants have long since ceased boring for oil, having removed part of the machinery therefrom, wherefore and whereby plaintiff is now and has long since been entitled to this deed, and that all the conditions which entitled plaintiff thereto have happened, and that said contract has been violated in every particular herein set out.

"All the defendants having answered herein, upon final trial plaintiff prays that he have and recover judgment of and from defendants for the aforesaid 5 acres of land, and for a writ of possession therefor, and also judgment for his said damages, costs of suit, and for general and special relief in the premises."

[1, 2] While the petition fails to set up a case of trespass to try title, clearly showing that appellant had neither a legal or equitable title to the land in question, still it does allege sufficient, as against a general demurrer, to sustain a suit for specific performance of a contract to convey land. And the question of venue of the suit must be determined as though the sole object of the suit was for specific performance. Cavin v. Hill, 83 Tex. 73, 18 S. W. 323. The allegations of the petition, under attack from a general demurrer, could not sustain an action of trespass to try title, but having alleged sufficient to sustain an action for specific performance, the cause should not have been dismissed, but retained in court as to the last-named cause of action.

[3] Ellerd and Lewis filed pleas of privilege to be sued in the county of their residence, and their pleas are good, no attack having been made upon them, but the facts alleged therein admitted to be true by appellant. The pleas should have been sustained and the cause transferred, as required by statute, to Hale county for trial. Strange and the South Texas Oil Company filed disclaimers, and were properly dismissed from the suit.

[4] The court had full authority during the term to set aside the first judgment entered, and render the proper judgment of the court. The amendment or reformation of the judgment may be made by the court upon its own motion. Hooker v. Williamson, 60 Tex. 524; McPherson v. Johnson, 69 Tex. 484, 6 S. W. 798; Henderson v. Banks, 70 Tex. 398, 7 S. W. 815; Jones v. Andrews, 72 Tex. 5, 9 S. W. 170; Owens v. Vander Stucken, 133 S. W. 491; Moore v. Toyah Irr. Co., 179 S. W. 550.

We need not discuss the propriety of the special exceptions being sustained, because the fact that the sustaining of the general demurrer prevented an amendment in answer to the special exceptions. It may be that the special exceptions should be sustained, but appellant may be able by amendment to overcome their attacks.

[5] The judgment of the court shows that A. W. Strange and the South Texas Oil Company filed their disclaimers, and were dismissed from the suit before the general demurrer, and special exceptions were sustained. The disclaimer was made as to the full claim made in the petition before it was assailed. If appellant desired a judgment as to the parties disclaiming, he should have demanded it. Even in this court it is not claimed that such judgment should have been rendered.

The judgment is affirmed as to Strange and South Texas Oil Company, but is reversed and the cause remanded as between appellant and appellees, and the trial court instructed to change the venue of the cause, as required by statute, to Hale county, to be tried on the demand for specific performance.

