## DUCLOS v. APPLIN et al.
### No. 1434.

Court of Civil Appeals of Texas. Waco.
Nov. 23, 1933.

Rehearing Denied Jan. 18, 1934.

Edgar Monteith, Julian L. Shapiro, and J. E. Walton, all of Houston, for appellant.

P. Harvey, of Houston, for appellee.

ALEXANDER, Justice.

Mrs. Minnie Applin, as next friend of her minor son, Joseph Bancroft, recovered a judgment in the district court of Harris county for $500. The money was paid into the registry of the court in satisfaction of the judgment. Thereafter, some one filed in said court a bond, purporting to have been signed by Mrs. Applin and others, and secured an order of the district court directing the clerk of the court to deliver said money to Mrs. Applin, as provided in Revised Statutes, article 1994. O. M. Duclos, the clerk of said court, approved the bond and issued his check, payable to Mrs. Applin, for said sum, which check was cashed by someone forging Mrs. Applin's name thereto. Upon discovery that the bond was a forgery and that the funds had been paid out without a lawful bond, the district judge, upon application of Mrs. Applin, issued an order to said clerk and to the sureties on said forged bond, directing them to appear and show cause why they should not replace in the registry of the court, to the credit of said minor, said sum of $500. Upon a hearing before the court without a jury, at which all parties were present, the trial court entered an order directing the said O. M. Duclos, district clerk, to pay into the registry of the court the sum of $250, and at the same time granted judgment in favor of said Duclos over against Thomas Menefee, one of the sureties on said bond, for a like amount. This order was entered on February 27, 1932, at the January-June term of said court which adjourned July 2, 1932. Both Duclos and Menefee promptly filed motions for a new trial, but neither of said motions was acted upon at that term of court. Thereafter, on September 26, 1932, at the July-December term of said court, the court granted the motion for new trial filed by Menefee and entered an order setting aside the judgment rendered in favor of Duclos against Menefee and discharging Menefee from all liability therein, but overruled Duclos' motion for new trial and allowed the judgment against him for the sum of $250 to stand. Duclos appealed from said judgment.

Appellant presents but a single proposition for a reversal of this judgment, and that is that the court was without authority, after the adjournment of the January-June term of said court, to grant said motion for new trial and to modify and reform the judgment rendered at the former term; it not being contended that the judgment was so modified for the purpose of correcting a clerical error or otherwise making it speak the truth.

The Eleventh judicial district includes Harris county, and the district courts thereof are regulated by Revised Statutes, article 2092 (as amended [Vernon's Ann. Civ. St. art. 2092]). It has been held by the Supreme Court that a district court regulated by the provisions of said article 2092 has power to act upon a motion for new trial at the term succeeding that at which such motion was filed. Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355; Jones v. Bass (Tex. Com. App.) 49 S.W.(2d) 723. Since the motion for new trial in question was filed at the January-June term of court but was not acted upon at that term, the trial court had the right to act upon said motion at the July-December term, which was the next succeeding term of said court.

Had the motion been acted upon at the term at which it was filed, the trial court could have granted the motion in whole or in part, or could have modified or changed the judgment in any other manner necessary, irrespective of clerical errors, so as to make it comport with the mature conclusions of the

court. 25 Tex. Jur. 520; Henderson v. Banks, 70 Tex. 398, 7 S. W. 815; Priddy v. Tabor (Tex. Civ. App.) 189 S. W. 111, par. 4; Ballard v. Ellerd (Tex. Civ. App.) 199 S. W. 305, par. 4. Since the original motion for new trial was still pending at the next succeeding term of court, and the court at that time had a right to act upon such motion, we see no reason why the court at such succeeding term could not alter or reform the judgment to the same extent as could have been done had the motion been acted upon at the previous term.

The judgment of the trial court is affirmed.