JAMES TERRY ET AL. v. JAKE FRENCH ET AL.

No. 315.

1. **Findings of Fact — Plea of Misjoinder of Parties.** — Where the general finding of facts by the court includes facts conclusive against a plea in abatement, the omission to find separately upon the plea is immaterial.

2. **Apparent Inconsistency in Testimony.**—Plaintiffs declared on a contract executed by defendants to the plaintiffs. The testimony showed that one of the plaintiffs, jointly interested with the others, had made it. This may be reconciled by assuming that the plaintiff who made the contract was acting for others like interested, and presents no variance.

3. **Variance.**—Plaintiffs declared upon a contract payable upon the probate of a will (described). The testimony showed the money was payable upon the probate, and upon the defendants receiving the property devised them by the will; it further appeared by the testimony, that the will had been probated, and that the defendants had received the property bequeathed them before the institution of suit. *Held,* no variance, such as to defeat recovery. Under the petition and the testimony the plaintiffs showed right to recover.

4. **Immaterial Error—Clerical Mistake.**—In the pleadings, one of several plaintiffs was named "Jane Bonner. wife of James Bonner." In the judgment, "Jessee Bonner, wife of James Bonner," appeared as one of the successful plaintiffs. *Held,* the mistake was not material, as it was evidently a clerical error.

5. **Contract made on Sunday.**— Beham v. Ghio, 75 Texas, 91, adhered to, in holding that contracts made on Sunday, when not in a course of business prohibited upon that day by statute, are valid.

APPEAL from Milam. Tried below before Hon. JOHN N. HENDERSON.

*E. L. Anthony,* for appellants.— 1. Plea in abatement on account of misjoinder of parties should have been sustained. McKay v. Speak, 8 Texas, 376; Freem. on Judg., secs. 43, 50, 226.

2. The contract sued on was made on Sunday, and was therefore invalid. Criminal Code, article 183, prohibits "labor." Article 184, de-

fines "labor" to mean also "business." Article 186, "in any 'business' whatsoever." Article 3128, Revised Statutes, introduces common law when there is no statute to regulate. Hauchett v. Jordan, 93 Minn., 149; Hardy v. Publishing Company, 41 Minn., 188; Rush v. Rush, 18 Atl. Rep., 221; Anderson v. Ballinger, 87 Ala., 334; 56 Conn., 333; Parsons v. Lindsey, 41 Kans., 336; 1 Whart. on Con., sec. 382, and decisions cited; Pars. on Con., 764, et seq.

3. There was variance between the petition and evidence as to terms of the contract.

*T. S. Henderson*, and *Ford & Ford*, for appellees.—1. It has been stated as the correct rule of practice, that " when an action is tried by the court, and it fails to find specifically on all the material issues, the proper remedy is not a motion for a new trial, but an application to the court for a further finding;" therefore, if appellants desired a more specific finding on their plea in abatement, they should have requested it of the court. Warren v. Foote, 41 N. W. Rep., 935.

2. French made the contract with appellants, as agent and representative of the other plaintiffs; but if he was not in fact at the time such agent, the contract was made for their benefit, and was ratified and accepted by them, and they can maintain the action upon it; therefore the court did not err in overruling the plea in abatement, and in finding for appellees. Hendricks v. Lindsay, 93 U. S., 143.

3. The court did, in fact, sufficiently find against appellants' plea in abatement.

4. It was competent to make such contract on Sunday, the same not being prohibited by law, and not being a penal offense. Beham v. Ghio, 75 Texas, 87; 2 Willson's C. C., sec. 674.

FISHER, CHIEF JUSTICE. — Appellees instituted this suit in Milam County, against appellants, James and A. D. Terry, and alleged in their petition, that appellants were the sons of M. Terry, deceased, and that after his death they made application for the probate of the will of M. Terry, who had died seized of an estate worth $40,000, in which he had bequeated to them his entire estate; and the plaintiffs, who were M. Terry's grandchildren and heirs, had filed a contest against the probate of said will, and pending the contest, appellants had entered into a contract with appellees, in which they agreed and promised to pay them $2500 so soon as said will should be probated, in consideration, among other things, that appellees should withdraw their contest. Appellees did withdraw their contest, and the will was probated, and appellants took possession of the property and money of the estate, found to be of the value of $47,000. This suit is to recover the said $2500 and interest.

Appellants plead misjoinder of parties, in abatement, general demurrer,

general denial; and in avoidance of said supposed contract, that it was made on Sunday, and was contrary to public policy and the statutes, and void, and that the alleged contract was abandoned, and a new contract entered into subsequently, in lieu of the one alleged in the petition, whereby appellees were to receive $1596 as a claim against the estate, which was then in the process of fulfillment, and that this last was to be a final and complete settlement of all claims whatsoever against said estate by appellees.

The case below was disposed of by the court without a jury, and judgment was rendered in favor of appellees for the amount sued for.

There is no statement of facts in the record, and the case comes here upon the facts as found by the trial court, which we adopt as the findings of fact by this court. The findings of fact are as follows:

" 1. That defendants, A. D. and James Terry, made a verbal contract, the same declared on by plaintiffs. At the time of the making of said contract, which was on the —— day of May, 1889, there was then pending in the County Probate Court of Milam County an application by A. D. and James Terry to probate the will of their father, M. Terry, deceased. Said will made said parties, A. D. and James Terry, the legatees of his estate, valued at $47,000. Said will and the probate thereof was contested by Jake French, plaintiff, on his behalf and others, children, his brothers and sisters, grandchildren of said M. Terry, and by others, children of said M. Terry by his first wife, the latter being half brothers and sisters of said A. D. and James Terry, and their descendants. Said French heirs claimed, that in a partition of the estate between M. Terry and his first wife, their mother did not receive $500, to which she was justly entitled, and they claim that said $500 was one of the inducements to and a part of the considerations for the contract alleged to have been made between Jake French and A. D. and James Terry.

" 2. That said contract between Jake French and A. D. and James Terry was made on Sunday, the —— day of May, 1889, and that, as a part of its terms, Jake French was to have nothing further to do in the contest of said will, was not to make a cost bond in said contest, and that he was to do anything he reasonably could to further a settlement of said contest, as to other contestees, and that on the probate of the will, and when the property of the estate of M. Terry should come into the hands of A. D. and James Terry, they were to pay him $2500. That same was not to be made a charge against the estate, but was to be paid by A. D. and James Terry individually; that the terms of said contract were to be kept secret between the parties.

" 3. That said Jake French, in pursuance of his part of said agreement, informed his counsel that he would not make the bond, and would take no further part in said contest of the will. And that his counsel at that time informed him they would settle the matter for the heirs of M.

Terry; that they had a claim against said M. Terry's estate, on account of a life-interest which said M. Terry had received in money on account of his first wife's estate, which, with interest, amounted to $1596; and that if said A. D. and James Terry would agree to allow that claim without contest after they had qualified as executors, or administrators with will annexed, of M. Terry's estate, the whole matter could be settled and the contest would be withdrawn. That said Jake French, in pursuance of an arrangement with A. D. and James Terry, went back and informed said A. D. and James Terry of the proposition of the attorneys representing contestants, and that A. D. and James Terry agreed to said proposition.

"Also, that in that connection, said Jake French asked them if it was understood that the agreement already entered into between him and said A. D. and James Terry according to their understanding still held good; to which they assented; that is, the agreement by which they were to pay him $2500. That Jake French carried out his part of said agreement, he not having anything further to do in opposition to the probate of the will.

"That said will was probated on the —— day of June, 1889, the contestants all agreeing to same, and not making any opposition thereto.

"That afterwards, the claim of $1596 was properly presented to A. D. and James Terry, administrators of the estate of M. Terry with the will annexed, and that same was allowed by the Probate Court.

"That said A. D. and James Terry qualified as administrators of estate of M. Terry on the —— day of June, 1889, and at once took possession of the property of said estate. Value of property about $47,000; about $5000 to $6000 thereof being in money; the only debts against said estate being the approved claim of $1596."

*Opinion.*—The first assignment of error complains, that the court " erred in overruling and finding against defendants' plea in abatement on account of misjoinder of parties."

The court made no special finding upon the plea in abatement, but the general findings of fact and the judgment rendered in favor of all of the plaintiffs was, in effect, a finding and disposition of the question raised by the plea in abatement.

The first finding by the court below is to the effect, that the " defendants entered into the contract declared on by the plaintiffs." The contract stated in the petition is one entered into between the appellants and all of the appellees, wherein the appellants promised to pay the appellees the sum of $2500 upon the probation of the will of M. Terry, if they would withdraw their contest to its probation. The finding of the court is that the contract declared on is found to be proven as alleged; this, in effect, being a finding in favor of the plaintiffs upon the questions presented by the plea in abatement. We believe that the other finding of the court, to the effect that the contract with the appellants was entered

into by them and Jake French, one of the appellees, while it may appear to be inconsistent with the finding that the contract was entered into with "all of the plaintiffs as alleged," may be rendered consistent with such finding, upon the idea that Jake French was acting not alone for himself, but for all of the plaintiffs, in making the contract. Looking to the allegations of the petition and the judgment of the court, we think that the apparent conflict between the findings of the court upon this branch of the case can be reconciled, upon the theory that Jake French was acting for all of the plaintiffs in entering into the engagement with the appellants, and that the court below really viewed the matter in that light.

Appellants' fifth assignment of error complains, that the judgment below is erroneous, because there is a variance between the contract as declared on and the one proven and found by the court.

We think that the variance complained of is not such an one that will affect the judgment, if in fact it can be called a variance.

The liability of the appellants to pay the sum agreed upon arose when the will was probated; this is the allegation of the petition. The court finds, that the amount sued for was by the contract not to be made a charge against the estate, but was to be paid by the appellants individually, and that the amount was to be paid when the will was probated and when the property came into the hands of the appellants. There is a finding to the effect that the property did come into their possession in June, 1889 (prior to the filing of this suit), and a finding that the will was duly probated. The conditions that impose liability, as stated either by the averments of the petition or by the evidence, are found to exist by the court. If the liability to pay arose when the will was probated, then the court finds that it was probated; and if it arose when the will was probated and when the estate came into the possession of the appellants, it finds such facts to exist.

The petition may not have stated the entire terms of the contract as shown by the evidence; and if the evidence went further, and established conditions that were not fully pleaded, but were not variant from those that were alleged, we do not think that this would necessarily create a variance between the contract pleaded and that proven. It would be a case, not of a want of description of the contract declared on, but one simply of an imperfect description. The allegation descriptive of the contract is good as far as it goes, and if it does not include all of the terms of the contract, but enough to identify it with the one in proof, it should not be said that there is a material variance between the contract alleged and that established by the evidence.

The judgment of the court below is objected to because it is—with the other plaintiffs, naming them—in favor of Jesse Bonner. The judgment in this respect reads, "Jesse Bonner, joined by her husband, James Bon-

ner, do have and recover," etc. The petition describes and mentions "Jane Bonner, joined by her husband, James Bonner," etc.

It is apparent that the *Jesse* Bonner mentioned in the judgment is the *Jane* Bonner mentioned in the petition as the wife of James Bonner. So stating her name as Jesse in the judgment, instead of Jane, was evidently a clerical error, and a reference to the petition, which is a part of the record, corrects this error. The record can be looked to for this purpose, and the judgment will in this respect be read in the light of the record.

The court below found that the contract sued on was entered into on Sunday, and the appellants, for this reason, insist that it is void.

This objection is settled against the appellants' contention in the case of Beham v. Ghio, 75 Texas, 91. The court in that case held that contracts made upon Sunday, when not in a course of business prohibited upon that day by statutory law, are valid.

The judgment of the court below is affirmed.

*Affirmed.*

Delivered November 8, 1893.