E. M. FOWLER ET AL. V. JOHN A. AGNEW.

Decided June 27, 1906.

**Estates of Decedents—Administration Closed—Suit by Heirs.**

The administration of an estate having been closed, leaving debts unpaid, the heirs could maintain suit to recover a tract of land turned over by the administrator, as being included in the sale, to a purchaser of property from him, but which was in fact never included in the property inventoried nor embraced in the sale.

Appeal from the District Court of Fannin County. Tried below before Hon. Ben. H. Denton.

*McGrady & McMahon,* for appellants.—The heirs own the land by law and are entitled to recover the same as against all the world where their demands do not conflict with an administration of the estate. Rev. Stats., 1869, 1880, 1924, 3358; Giddings v. Steele, 28 Texas, 732, 748; Fisk v. Norvel, 9 Texas, 13; Walker v. Abercrombie, 61 Texas, 69; Baker v. Hamblen, 75 S. W. Rep., 362; Thomas v. Hawpe, 80 S. W. Rep., 129; Herndon v. Davenport, 75 Texas, 462; Jones v. Pyron, 57 Texas, 47; Shields v. Hunt, 45 Texas, 428.

*Wheeler & Cunningham,* for appellee.—The surviving wife and children of an intestate can not, in their own names and for their own benefit, maintain a suit for the recovery of property not administered, belonging to said intestate at the time of his death, and subject to the payment of his debts, when the value of said property is far less than the amount of the unpaid probated claims against said estate. Rev. Stats., arts. 1924, 2012, 2013; Herbert v, Herbert, 59 S. W. Rep., 594; Fort v. Fitts, 66 Texas, 593; Peveler v. Peveler, 54 Texas, 53.

FISHER, CHIEF JUSTICE.—This is an action by the heirs of J. W. Palmore in trespass to try title to recover the tract of land in controversy. The case was tried before the court and judgment rendered in favor of the defendant Agnew. The court below filed conclusions of fact and law, which are as follows:

"J. W. Palmore married plaintiff E. M. Fowler —— day of ——, 1871, and they lived together as husband and wife in Fannin County until the death of J. W. Palmore, which occurred January 15, 1897. He died intestate leaving as his only heirs his children by said wife, to wit, Pearl Staats, wife of Wm. Staats, John Palmore and Virginia Palmore, minors.

"During such marriage, on to wit, February 18, 1887, the land in controversy was deeded by H. A. McDonald to J. W. Palmore, for a recited consideration of $100 paid and thereby became the community

property of the said J. W. Palmore and his said wife; and J. W. Palmore, immediately after such purchase took actual possession of said land and continued in such possession until his death. He died intestate and at the time of his death owned a large estate of value of $15,000, and owing debts to the amount of $20,000; administration was duly granted in County Court of Fannin County upon estate of said J. W. Palmore and administration continued open and administrator continued to act until the regular April term, 1899, at which term and on to wit, April 19, 1899, the final report of the administrator was approved, administration closed and administrator discharged by an order of said County Court duly entered in term time. In such administration and County Court the debts against said estate were probated to the amount of $20,000, on which the administrator paid 68 percent, leaving a balance unpaid on probated claims of $4,500. The probate proceedings showed that all the property inventoried was disposed of, all sold except the exempt property which was set apart to the widow and minor children. The inventory of said estate showed that the land in controversy was never inventoried, and it was never disposed of in the administration proceedings. The administrator of said estate as such held possession of land in controversy until April 12, 1898, at which time he delivered possession to defendant, the administrator C. A. Wheeler and defendant supposing that it was included in and a part of the land for which administrator on that day made a deed to defendant, but which supposition was a mistake in fact on part of the administrator and defendant. Neither the defendant nor any other person for him has ever paid any taxes on land in controversy, and defendant has no deed for land in controversy—taxes on land in controversy have been unpaid since 1898.

"The defendant has in good faith made permanent and valuable improvements on land in controversy, believing same to be his property, such improvements consisting of erection of a fence on two sides and making a pool thereon. The value of land in controversy, exclusive of improvements placed thereon by defendant, I find to be $106.75 and the value of such land including the improvements so placed thereon by defendant, I find to be $181.75.

"I find that the rental value of the land, exclusive of improvements made by defendant during time defendant has had possession thereof and alleged by plaintiffs, to wit, from January 1, 1903, up to time of trial, is the sum of $10 and defendant has used and appropriated such use and rental value thereof, and if plaintiffs were entitled to recover the land, they would be entitled to recover of defendant $10 for use and rents thereof. That said surviving wife of J. W. Palmore married plaintiff J. B. Fowler on June —, 1904, and her name is now E. M. Fowler. No other administration has ever been had on estate of said J. W. Palmore, deceased.

"*Conclusions of Law.*—1. I conclude as a matter of law that plaintiffs are not entitled to recover the land in controversy, because the estate of J. W. Palmore is insolvent and the unpaid probated claims against his estate amount to·more than the value of the land, and this being so, the heirs of J. W. Palmore, deceased, have no such title or

right to the land as would entitle them to recover same. To this conclusion of law the plaintiffs duly except.

"2. But for my first conclusion of law, the plaintiffs, constituting the surviving wife and only heirs of J. W. Palmore, deceased, would be entitled to recover of defendant the land sued for, and the rental value thereof aforesaid, but in such event defendant would be entitled to recover for his improvements aforesaid to extent of $75. To this conclusion of law defendant excepts.

"3. I conclude that defendant is not entitled to have reformed the deed made to him by C. A. Wheeler as administrator of estate of J. W. Palmore, deceased, April 12, 1898, and that such does not embrace the land in controversy and such deed does not entitle defendant to hold the land. To this conclusion of law defendant excepts."

We are inclined to the opinion that the facts as stated bring this case within the exception recognized in Baker v. Hamblen, 75 S. W. Rep., 362; Walker v. Abercrombie, 61 Texas, 69; Herndon v. Davenport, 75 Texas, 462, and other cases that might be cited. We agree with the trial court, under the facts as stated, that if the appellants are entitled to recover, the appellee is entitled to a judgment in his favor for the value of the improvements. The findings of the court being complete upon this question, judgment will here be entered to the effect that the judgment of the trial court is reversed and here rendered in favor of appellants that they recover the land in controversy, and in favor of appellee for the value of the improvements.

*Reversed and rendered.*

Writ of error refused.