## PARKS v. SULLIVAN.

(Court of Civil Appeals of Texas. El Paso. Dec. 19, 1912. On Rehearing, Jan. 15, 1913.)

1. MORTGAGES (§ 6*) — ESSENTIALS — CONDITIONAL SALE.

A conditional sale of land with the right to repurchase, but without any indebtedness or obligation on the part of the vendor to repay the purchase money, is not a mortgage.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 5; Dec. Dig. § 6.*]

2. BROKERS (§ 88*)—ISSUES OF FACT—QUESTION FOR JURY.

Where, in a broker's action for commission, the evidence raises a clear issue of fact whether an actual sale has been consummated, such issue is for the jury.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 121–130; Dec. Dig. § 88.*]

3. PLEADING (§ 398*)—VARIANCE—SURPRISE.

Where the defendant in a broker's action for commission on a sale was not misled or surprised by a variance between the petition, which alleged that defendant contracted with plaintiff and another broker, and evidence which disclosed that the contract was with plaintiff alone, such variance was not fatal.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1338; Dec. Dig. § 398.*]

4. ESTOPPEL (§ 110*)—PLEADING—NECESSITY.

Where a real estate broker's estoppel through violation of his contract was not pleaded, it was not available as a defense to his action for commission.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 300; Dec. Dig. § 110.*]

5. BROKERS (§ 57*)—RIGHT TO COMMISSION.

The fact that an owner disposed of his property to a purchaser, procured by a broker, at a less price than he authorized the broker to sell same, did not deprive the broker of his right to a commission.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. § 57.*]

6. APPEAL AND ERROR (§ 742*)—ASSIGNMENT OF ERROR—SUFFICIENCY.

An assignment of error submitted as a proposition, being multifarious, was not entitled to consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

7. TRIAL (§ 256*)—SPECIFIC INSTRUCTIONS—DUTY TO REQUEST.

Where the defendant in a broker's action for commission desired to have the jury's attention specifically directed to certain matters, he should have requested instructions to such effect.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

8. APPEAL AND ERROR (§ 882*)—FAVORABLE ERROR.

The defendant in a broker's action for commission could not complain that the court submitted a defense upon which he relied.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3591–3610; Dec. Dig. § 882.*]

9. TRIAL (§ 203*)—SUBMISSION OF ISSUES—EVIDENCE.

It is the duty of the trial court to submit all issues raised by the pleadings and the evidence, and not merely such as are supported by a preponderance of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

10. BROKERS (§ 57*)—RIGHT TO COMMISSION—CONDITIONAL SALE.

A broker's right to a commission on a sale to a purchaser procured by him is not defeated by the fact that his principal reserves the right to repurchase.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 66, 67, 72; Dec. Dig. § 57.*]

**11. BROKERS (§ 85\*)—EVIDENCE.**

In a broker's action for commission on a sale made to a purchaser procured by him, defendant's testimony that he made the sale because in great need of money, being immaterial, was properly excluded.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 106–115; Dec. Dig. § 85.\*]

## On Rehearing.

**12. BROKERS (§ 45\*)—RIGHT TO COMMISSION—ABANDONMENT OF NEGOTIATIONS.**

The fact that a real estate broker, after procuring a purchaser, discontinued his efforts to make the sale, did not show an abandonment by him of such negotiations, where such discontinuance was due to the principal's suggestion that he could better make the sale alone, and the principal then promised to pay the commission when the sale should be completed.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. § 46; Dec. Dig. § 45.\*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by J. M. Sullivan against James R. Parks. From a judgment for plaintiff, defendant appeals. Affirmed, and motion for rehearing overruled.

W. J. Howard, of Houston, for appellant. Cole, Wilson & Cole and John R. Burkett, all of Houston, for appellee.

HIGGINS, J. Appellant listed for sale his homestead, situated in the city of Houston, with H. H. Gieseke, a real estate broker. It was originally priced at $13,000 net to appellant; but the price was thereafter reduced to $11,500 upon which price a commission of 5 per cent. was to be paid Gieseke as his compensation for effecting a sale. Gieseke advertised the place for sale, and the fact that it was upon the market came to the attention of appellee, Sullivan, who was also a real estate broker. Sullivan knew of a J. D. Dawson and wife who desired to purchase property similar to that of appellant's, and an arrangement was entered into between Gieseke and Sullivan to divide the commission which would be earned by Gieseke in case a sale was effected; Sullivan undertaking to effect a sale to the Dawsons. Sullivan thereupon entered into negotiations with the Dawsons; but, the price not being satisfactory, he was unable to effect a sale at the price at which Parks had authorized Gieseke to sell the same. Sullivan continued his efforts to effect the sale, but was unable to do so, whereupon Parks requested Sullivan and Gieseke to desist from any further effort upon their part to effect the sale, stating that he would himself continue the negotiations with the Dawsons and would pay their commission if he effected a sale. He assigned as his reason for this request that Dawson did not want to pay any commission, and by dealing with him direct he thought he could effect a sale; and, some time subsequent to Parks' request to Sullivan and Gieseke to discontinue the negotiations, a sale by him to the Dawsons of the place was effected, for a cash consideration of $10,000, the deed of conveyance being in the ordinary form of general warranty deed. Thereafter Sullivan and Gieseke demanded of Parks payment of the commission of 5 per cent. upon the purchase price, which he declined to pay, assigning as his reason that the sale to the Dawsons had not been finally consummated, as he had a right to repurchase the property within two years. He conceded that, if it was really a sale, they were entitled to a commission, but stated that he just had a contract with Mr. Dawson and that the commission was not earned until the sale was consummated. Thereupon Sullivan filed suit for the recovery of $500 commission upon the sale, alleging a transfer by Gieseke to him of Gieseke's claim for the commission. Upon trial judgment was rendered for the amount sued upon.

Appellant's first assignment complains that the court erred in not directing the jury to find for the defendant, and under this assignment submits various propositions, which we will now discuss.

[1, 2] His first proposition is that the uncontroverted evidence shows that the transfer by Parks of his homestead to Dawson was a conditional sale, in the nature of a mortgage; wherefore the commission was not earned. There are two complete answers to this: In the first place, conceding the truth of appellant's version of the collateral agreement, it bears no resemblance to a mortgage; there was no indebtedness nor obligation on the part of Parks to repay the $10,000, and without an existing indebtedness it could not be a mortgage. Furthermore, Dawson denied that the sale was upon any condition whatever, and, since his testimony raised a clear issue of fact as to this, it would, of course, have been improper for the court to have given a peremptory charge based upon appellant's testimony.

The second proposition is not well taken, because based upon a false premise as to the facts shown by the evidence, and as to the theory upon which plaintiff's right to recovery is predicated.

[3] Plaintiff in his petition alleges that appellant contracted with Gieseke and himself for the sale of the house, whereas the evidence disclosed that the contract was with Gieseke alone. We do not regard this variance between pleading and proof as fatal to a recovery. Such a variance is not fatal unless it misleads or surprises the adverse party. There is no contention that the variance misled or surprised appellant, or in any wise operated to his disadvantage, and none is apparent to us. We therefore overrule this contention. Terry v. French, 5 Tex. Civ. App. 120, 23 S. W. 911; Kirby Lumber

---

\*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Co. v. Poindexter, 103 S. W. 439; Haralson v. Traction Co., 53 Tex. Civ. App. 253, 115 S. W. 876, and cases cited in Michie's Texas Digest, vol. 13, pp. 1177, 1178.

The fourth proposition is also founded upon a false premise of fact. The uncontroverted evidence does not show that Sullivan was the agent of Dawson; upon the contrary, the uncontroverted evidence shows that he was not.

[4] The fifth proposition is not well taken. The uncontroverted evidence does not show a violation by Gieseke and Sullivan of their agreement so as to estop them from asserting any claim for commission; furthermore, in order to be available as a defense, estoppel must be pleaded, which was not done in this case. Box v. Lawrence, 14 Tex. 545; Ross v. Moskowitz, 95 S. W. 86.

The sixth proposition is not well taken, because it, too, is based upon the false premise that Sullivan was Dawson's agent, whereas the proof shows to the contrary.

[5] The seventh proposition is not sound. The fact that Parks finally disposed of the place at a price less than he had authorized Gieseke to sell the same would not deprive Gieseke of his right to a commission. Gieseke, through Sullivan, produced the purchaser, and was in active negotiations with him, endeavoring to effect a sale, at the price authorized by Parks, and Sullivan and Gieseke desisted from further efforts to consummate the sale at the request of Parks, and upon his promise to pay the commission if he effected a sale.

The testimony is somewhat meager as to the transfer by Gieseke to Sullivan of his right to the commission, but we think it sufficient to support the finding that it was so transferred.

What has heretofore been said disposes of the ninth proposition under the first assignment.

[6, 7] The second assignment is submitted as a proposition, and as such is multifarious and is not entitled to consideration. However, the materiality of the criticism of the court's charge here made is not pointed out, and none is apparent to us. Furthermore, the errors were of omission only, and, if appellant desired the attention of the jury to be specifically directed to the matters which he contends are here ignored by the court's charge, he should have requested special instructions which would have directed their attention thereto.

[8] As to the second proposition under this assignment, we see no error ·in the matter here presented, and overrule the same. So far as we can see, it seems that appellant is here complaining of the submission of one of the matters of defense relied upon by

him, and, if there was any error, it occurs to us it was against the appellee.

[9] The third assignment complains of the submission of an issue which appellant contends was not supported by a preponderance of the testimony. We know of no rule which prohibits the court from submitting an issue unless supported by a preponderance of the testimony. The submission of issues of fact to the jury is governed by no such rule; upon the contrary, it is the duty of the court to submit all the issues raised by the pleadings and the evidence.

[10] The fourth assignment complains of the refusal of the court to give a special charge instructing the jury to find for the defendant if they believed that the sale was not an absolute one, and that Parks had the right to repurchase the same within two years by paying for the cost of any improvements which had been placed upon the property by Dawson and the sum of $10,000 with 6 per cent. interest. If the sale was made, we think the right of appellant to a commission therefor would not be defeated by the fact that Parks reserved the right to repurchase the same upon the terms indicated. If the transaction between the parties was not a sale, but in fact a mortgage, a different rule would apply; but, as heretofore stated, under no phase of the testimony could the transfer be treated as a mortgage.

What has heretofore been said disposes of the fifth assignment.

Special charge No. 4 was argumentative, and properly refused.

[11] The seventh assignment is overruled. We cannot see the relevancy to the issues involved in this suit of the reasons which were assigned by Parks to Dawson for entering into the contract of sale. He would have testified that he was in great need of money, and this could certainly have no bearing upon the issues between plaintiff and himself. We therefore hold that the court did not err in excluding this testimony.

The ninth assignment of error is multifarious, and is not considered.

Affirmed.

### On Rehearing.

[12] The court did not err in its refusal of special charge No. 2 requested by the defendant Parks, for the reason that there is no evidence of an abandonment of the negotiations for the sale of the property. The fact that some time elapsed after Sullivan had discontinued his efforts to make the sale before the same was, in ·fact, consummated by the defendant Parks, is no evidence of itself that there had been a complete abandonment of the negotiations between the parties.

The motion for rehearing is overruled.