Appeal from District Court, Caldwell County; Frank S. Roberts, Judge.

Application for bail on behalf of Robert Beaty. From a judgment denying bail, applicant appeals. Affirmed.

E. B. Coopwood, of Lockhart, J. K. Freeman, of Cameron, and A. E. Holland, of Luling, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. This is an appeal from the judgment of the lower court denying bail.

We have carefully read and considered the statement of facts herein. In addition to a written brief by appellant's attorneys, we also heard their forcible oral argument on the submission of this case, all of which we have duly considered, together with all the authorities cited by them.

We adhere to the rule in such cases not to discuss the evidence. We have, however, reached the conclusion that the judgment of the lower court should be, and it is, therefore, affirmed. Ex parte Sapp, 179 S. W. 109.

## BEVERLY v. STATE. (No. 3861.)

(Court of Criminal Appeals of Texas. Dec. 22, 1915.)

Appeal from District Court, Goliad County; John M. Green, Judge.

Marshall Beverly was convicted of murder, and appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of murder, and his punishment assessed at 40 years in the penitentiary.

There is no statement of facts, nor bill of exception. In the absence of these, no question is raised which we can review.

The judgment is affirmed.

## Ex parte BORRER. (No. 3864.)

(Court of Criminal Appeals of Texas. Dec. 1, 1915. Rehearing Denied Jan. 5, 1916.)

Appeal from District Court, Caldwell County; Frank S. Roberts, Judge.

Ex parte application by Will Borrer for writ of habeas corpus to secure admission to bail. From an order denying bail, he appeals. Affirmed.

E. B. Coopwood and J. B. Hatchett, both of Lockhart, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. This is an appeal from a hearing on habeas corpus before the district judge, who denied bail.

We have carefully read the statement of facts in this case. In our opinion, the district judge was justified in denying bail. As is usual, we do not discuss the evidence.

The judgment denying bail will be affirmed.

DAVIDSON, J. (dissenting). I do not care to discuss the facts, and will not do so. I think the case clearly bailable. The Assistant Attorney General so thought, and agreed with relator's counsel on bail in the sum of $15,000, which is of record among the papers.

I think he was and is right.

## SHOOK v. STATE. (No. 3871.)

(Court of Criminal Appeals of Texas. Jan. 5, 1916.)

Appeal from Criminal District Court, Harris County; C. W. Robinson, Judge.

Jim Shook was convicted of burglary, and he appeals. Affirmed.

C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. This is an appeal from a conviction for burglary. There is no statement of facts, nor bill of exceptions, and nothing raised which can be reviewed.

The judgment is affirmed.

## FRENCH v. DE MOSS. (No. 7401.)

(Court of Civil Appeals of Texas. Dallas. Oct. 16, 1915. Rehearing Denied Dec. 11, 1915.)

1. DRUGGISTS ⬨⟿10—CIVIL ACTION FOR INJURIES—SUFFICIENCY OF EVIDENCE.

In an action for injuries caused by defendant's having furnished plaintiff, in place of acetanilid headache tablets, poisonous antiseptic tablets, evidence *held* sufficient to support verdict for plaintiff.

[Ed. Note.—For other cases, see Druggists, Cent. Dig. § 9; Dec. Dig. ⬨⟿10.]

2. APPEAL AND ERROR ⬨⟿1001 — REVIEW — VERDICT.

The appellate court cannot disturb a verdict for insufficiency of the evidence to support it, unless the verdict is manifestly against the evidence, or inadequate under it, or contrary to it.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. ⬨⟿1001.]

3. APPEAL AND ERROR ⊚⟶1170 — HARMLESS ERROR—MISNOMER OF PLAINTIFF—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1628, providing that there shall be no reversal for want of form, provided sufficient substance be contained in the record to enable the court to determine the case on its merits, where entry of judgment for plaintiff was for Sallie De Moss, the name of a deceased former husband, the name of her husband at the time of the trial being Keepers, who had abandoned her, but from whom she had not been divorced, the amended petition alleging the facts and seeking recovery under the name of Keepers, verdict being for the "plaintiff," the misnomer of plaintiff in the judgment entry was a clear misprision, and not ground for reversal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ⊚⟶1170.]

Error from District Court, Dallas County; Kenneth Foree, Judge.

Action by Mrs. Sallie De Moss against C. E. French. Judgment for plaintiff, and, defendant brings error. Judgment corrected and affirmed.

E. P. Dougherty and W. H. Clark, both of Dallas, for plaintiff in error.

RASBURY, J. Defendant in error sued plaintiff in error for damages for personal injuries charged to be due to the negligence of the plaintiff in error. The negligence alleged was the act of plaintiff in error in selling defendant in error poisonous antiseptic tablets (when she requested harmless acetanilid headache tablets), one of which she swallowed, and as a result of which she became dangerously and nearly fatally ill, was confined in bed for a period of three weeks, unable to perform her duties as mistress of a boarding house for about four months, and from which she had not entirely recovered at the time she filed her suit.

[1] The essential facts deducible from defendant in error's testimony are that defendant in error, who lived in the city of Dallas, while suffering from a severe headache, sent her nine year old son to a neighboring drug store to purchase some acetanilid tablets, a harmless preparation for headache. The boy called at the drug store and made known his wants to plaintiff in error's clerk, who in lieu of acetanilid tablets, gave him antikammia tablets, also a harmless headache cure. Upon receipt of the antikammia tablets, defendant in error returned them by a young man about 20 years of age, named Worden, who boarded with defendant in error, with instructions to advise the clerk to send her acetanilid tablets as originally requested. Worden went to the drug store and delivered the message to plaintiff in error's clerk, again naming the kind of tablets desired, whereupon the clerk refilled the box, wrote something upon it, and gave it to Worden, who in turn delivered them to defendant in error, who was in a dark room at the time, and who, due to pain of her headache, and because she assumed the tablets were what she had requested, swallowed one. The tablets were in fact antiseptic tablets and poisonous, and, as a result of swallowing one, defendant in error was made ill and suffered in the manner alleged in her petition.

The essential and divergent facts deducible from the testimony of plaintiff in error are that on the second visit Worden in fact asked for antiseptic tablets, whereupon the clerk explained to him that they were poisonous. Also that he wrote the word "Poison" on the box containing the tablets. Worden denied that he asked for antiseptic tablets or that the clerk made any statement that the tablets actually furnished him were poisonous. It was undisputed that the last tablets had on them in raised letters the word "Poison." It was also undisputed that they were returned in the original box which contained the antikammia tablets, and that there was written on the box what some of the witnesses said was "Paid" and what some said was "Pois." The box did not have on it the usual skull and crossed bones. Upon trial before jury, verdict was for defendant in error, from which judgment this appeal is taken.

[2] The effect of all assignments of error presented by the plaintiff in error, save one, which will be considered separately, is that the evidence is insufficient to sustain the verdict of the jury and the judgment of the court thereon. These assignments have made necessary a consideration of the evidence, and we have in that respect not only read and considered the evidence assembled in the brief of the plaintiff in error, but have, as well, read and carefully considered all the evidence contained in the statement of facts. From such consideration we have deduced the facts related above, and we conclude that it cannot be said that the verdict of the jury is manifestly against the evidence or inadequate with or contrary thereto. Until the evidence presents such a case, we are without authority to disturb the verdict on such issue. We might, in deference to counsel, discuss at length the facts and the inferences deducible therefrom which, in our opinion, sustain the verdict of the jury; but, since ultimately the issue to be decided is whether upon the facts found the jury was authorized to render the verdict it did, we will be expected to do no more than state our conclusions upon the facts as found, which we have done.

[3] The remaining assignment of error asserts that the judgment of the court is not in accord with, nor supported by, the pleading. This issue is based upon the fact that Sallie Keepers was the real plaintiff, whereas judgment was rendered for Sallie De Moss. The transcript discloses that all pleading filed in the case in the court below was

⊚⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

styled Sallie De Moss v. Clarence French, save the amended petition of defendant in error; obviously indicating that by her original petition, which is not included in the transcript, she sought recovery as Sallie De Moss. Upon trial she testified that her first husband, who was dead, was named De Moss, and that at the time of the trial she was the wife of Keepers (erroneously written Capers in the stenographic report of the evidence), who had abandoned her, but from whom she had never been divorced. By her amended petition, the only pleading of defendant in error shown in the record, she alleged as much and sought judgment under the name of Keepers. The verdict of the jury was for the "plaintiff," who in fact was Sallie Keepers. The judgment entry, however, is in favor of Sallie De Moss. Such entry was clearly a misprision, and the error, in view of the record, is technical and not reversible, since from the record it is clear that it was the intention of the jury and the jury in fact did render judgment for defendant in error, who is shown by the record to be Sallie Keepers. Vol. 1, art. 1628, Vernon's Civ. Stats.; Terry v. French, 5 Tex. Civ. App. 120, 23 S. W. 911.

The judgment entry will be corrected so as to read in favor of the plaintiff below, Sallie Keepers, and as corrected the judgment will be affirmed.

Affirmed.