GREENE v. ELERDING et al.　(No. 1936.)*

(Court of Civil Appeals of Texas. El Paso. Jan. 20, 1927. Rehearing Denied Feb. 3, 1927.)

1. **Judgment ⟺526—Judgment, when ambiguous as to parties, must be read in light of entire record.**

Every judgment, when ambiguous as to party or parties in favor of or against whom it is rendered, must be read in light of entire record in case.

2. **Judgment ⟺244—Clerical error in spelling plaintiff's name in judgment held not to affect validity of sale under deed of trust.**

Clerical error in judgment as to spelling of plaintiff's name *held* not to affect validity of sale under deed of trust.

3. **Mortgages ⟺502—Omitting portion of premises covered by deed of trust from order of sale held not to affect validity of sale of other parcel.**

Omission from order of sale under deed of trust of part of premises covered by deed of trust through oversight on part of clerk *held* not to affect validity of sale thereunder of other parcel described in such order of sale.

Error from District Court, Pecos County; C. R. Sutton, Judge.

Suit by Oscar Greene against E. E. Elerding and others. From the judgment, plaintiff brings error. Affirmed.

Collins, Jackson & Sedberry, of San Angelo, for plaintiff in error.

Williams & Jackson, of Ft. Stockton, T. Wesley Hook, of Gordon, and W. A. Hadden, of Weslaco, for defendants in error.

HIGGINS, J. Roland T. Greene, of Iowa, executed a deed of trust on the S. E. ¼ of the S. E. ¼ and E. ½ of the S. W. ¼ of the S. E. ¼ of section 15, block 3, Houston & Texas Central Railway Company survey in Pecos county, to secure the payment of certain notes therein described in favor of E. E. Elerding. Roland T. Greene died and by his will the land was devised to plaintiff in error, Oscar Greene, of California.

Thereafter E. E. Elderding sued Oscar Greene in cause numbered 1534, in the district court of Pecos county, and on September 4, 1923, recovered judgment of foreclosure upon the land. It was ordered that, if the land sold did not satisfy the judgment, no further execution should issue. In this judgment the plaintiff's name appears as E. E. Eldering.

Thereafter the clerk issued order of sale to Pecos county, describing the judgment as actually entered in favor of E. E. Eldering, but containing a clause to the effect that "the said judgment is a foreclosure of a deed of trust lien on the following described real property, to wit: Lying and being situated in the county of Pecos and known as the S. E. ¼ of the S. E. ¼ of section 15, block 3, Houston & Texas Central Railway Company lands"—and directs the officer to proceed to seize and sell the above-described real property as under execution and apply the proceeds to the satisfaction of the judgment.

The sheriff's notice of sale described the judgment as in favor of E. E. Eldering, and the lands levied on, as the S. E. ¼ of the S. E. ¼ of section 15, block 3, Houston & Texas Central Railway Company, and sold the same to T. Wesley Hook and J. D. Shoup for $100. Hook and Shoup conveyed the 40 acres so purchased by them to J. W. Fogelman by general warranty deed.

The present suit was brought by Oscar Greene against E. E. Elerding, Hook, Shoup, and Fogelman to recover the land as it was described in the deed of trust and judgment. Plaintiff offered to do equity and tendered the amount paid in on the sheriff's sale. Fogelman disclaimed as to all of the land, except the S. E. ¼ of the S. E. ¼ of the section, and filed a cross-action against Hook and Shoup on their warranty. The last two named defendants filed a like disclaimer, and, as to

⟺For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error refused March 30, 1927.

the balance of the tract sued for, filed a lengthy answer which need not be stated. The case was tried without a jury. Judgment was rendered in favor of Greene for the east half of the S. W. quarter of the S. E. quarter of the section and in favor of Fogelman for the S. E. ¼ of the S. E. ¼ of the section. Greene appeals.

[1] The suit is a direct attack upon the validity of the sheriff's sale based upon the variance of Elerding's name as it appears in the judgment in cause No. 1534, and the subsequent proceedings, and the further fact that the order of sale did not conform to the judgment of foreclosure, in that the E. ½ of the S. W. ¼ of the S. E. ¼ of the section was omitted from the order.

"Every judgment, when ambiguous as to the party or parties in favor of or against whom it is rendered, must be read in the light of the entire record in the case, which, in the sense here used, embraces the pleadings." Dunlap v. Southerlin, 63 Tex. 38.

Upon the trial the petition in cause No. 1534 was offered in evidence showing that the plaintiff therein was E. E. Elerding. It was further shown that the original draft of the judgment was prepared by Elerding's attorney in the suit; that the only suit in the court numbered 1534 was Elerding v. Greene, and it was agreed:

"That there has not been a suit in this court to foreclose the note sued on in cause No. 1534 (E. E. Elerding v. Oscar Greene) and to foreclose the deed of trust lien described in said suit in any other suit, except said cause No. 1534."

[2] It is thus plain that the variance in the judgment of the plaintiff's name was simply a clerical error and that in fact the judgment rendered was in favor of E. E. Elerding. This being the case, the first objection to the validity of the sale is without merit. 33 C. J. 1200, 1201; Halsell v. McMurphy, 86 Tex. 100, 23 S. W. 647; Bailey v. Crittenden (Tex. Civ. App.) 44 S. W. 404; Early, etc., v. Fite (Tex. Civ. App.) 147 S. W. 673; Terry v. French, 5 Tex. Civ. App. 120, 23 S. W. 911.

[3] As to the omission from the order of sale of the E. ½ of the S. W. ¼ of the S. E. ¼ of the section, it was shown that this was by oversight and error on the part of the clerk in preparing and issuing the writ. The two tracts foreclosed upon were treated as separate parcels of land. We do not see how the omission of the one could affect the validity of the writ and sale thereunder of the other parcel. The appellant, by virtue of the omission, still owns and has recovered the omitted tract. It was an irregularity which has not harmed appellant, but, on the contrary, has inured to his benefit.

There is no plea nor evidence that the tract sold to Hook and Shoup was sold for an in-adequate price. The evidence of appellees tends to show it brought a fair price.

We are, therefore, of the opinion that the matters of which the appellant complains are but irregularities, and, since he has been in no wise prejudiced thereby, they afford no ground for setting aside the sheriff's sale. 23 C. J. 756; Sydnor v. Roberts, 13 Tex. 598, 65 Am. Dec. 84; South Texas Lbr. Co. v. Burleson (Tex. Civ. App.) 178 S. W. 961; Barnes v. Nix (Tex. Civ. App.) 56 S. W. 202.

Affirmed.