**The PERMIAN BUILDING, INC.,**
**Appellant,**

v.

**Nathan GREENBLATT, Appellee.**

No. 17028.

Court of Civil Appeals of Texas.

Fort Worth.

June 6, 1969.

Rehearing Denied July 11, 1969.

Elvin E. Tackett, Euless, for appellant.

Tuchin & Weir and William P. Weir, Fort Worth, for appellee.

## OPINION

RENFRO, Justice.

Appellant-defendant, The Permian Building, Inc., appealed from a judgment rendered in the trial court in favor of plaintiff-appellee, Nathan Greenblatt, for money spent by plaintiff in installing additional air-conditioning in a building bought from defendant.

The case was tried to a jury which found (1) the air-conditioning equipment was in good order at the start of the 1962 season, (2) it would not function to standards required by the Post Office Department, (3) plaintiff learned on December 17, 1963, that the air-conditioning equipment would not function to standards required by the Post Office Department.

Defendant's motions for instructed verdict and judgment notwithstanding the verdict were overruled and judgment entered for the plaintiff for the sum of $3,676.00, with interest from date of judgment.

Defendant's twenty-one points of error present five main contentions, (a) the pleadings did not support the judgment entered, (b) the court misconstrued as a matter of law the only undisputed obligation assumed by defendant, (c) plaintiff's claim was barred by limitation, (b) plaintiff was barred by the theory Caveat Emptor, and (e) the findings in answer to issues Nos. 1 and 2 were in irreconcilable conflict.

The plaintiff's first amended petition, in so far as material to this appeal, reads:

"II

"That heretofore, on or about April 2, 1962, Plaintiff and Defendant entered into a contract of sale wherein Defendant agreed to sell and convey to Plaintiff the real property and improvements situated in Garland, Dallas County, Texas, leased to the United States of America under a lease, dated April 24, 1959, said premises being used as a Post Office facility."

"IV

"That heretofore, on or about April 1, 1962, prior to the execution of said above mentioned contract of sale, Plaintiff and Defendant entered into a written agreement concerning said Garland and Refugio Post Office facilities whereby Defendant agreed that should Plaintiff be required to make any alterations in said facilities in the future by reason of the fact that said Post Office facilities were not built according to the Post Office Department requirements, regulations and specifications, said Defendant would remedy the situation by making the necessary alterations and repairs."

"VI

"That Defendant breached said contract of sale, dated April 2, 1962, regarding the property and improvements on said Garland Post Office facility, by reason of the fact that Plaintiff was required to install an additional ten tons of air-conditioning equipment in said facility, because the air conditioning at said facility was inadequate and did not comply with the specifications and lease agreement between Defendant and the United States of America. * * *"

"VII

"That Defendant breached said written agreement, dated April 1, 1962, in that Defendant failed and refused to remedy said air-conditioning and lighting deficiencies after Defendant had been notified of same."

Plaintiff introduced a contract of sale executed by defendant, undated but apparently executed on April 1, 1962, which contained under "Specific Conditions," section 6 (iii): "The SELLER undertakes to see that all air-conditioning equipment on all properties is in good order and condition at the start of the 1962 Summer season, and will function to standards required by POD."

On April 1, 1962, defendant wrote a letter to plaintiff which included the following: "6 (iii) The SELLER undertakes to see

that all air-conditioning equipment on all properties is in good order and condition at the start of the 1962 Summer season, and will function to standards required by POD," and "(3) We confirm clause (6 iii) above."

On December 17, 1963, the Real Estate Branch of the Regional Post Office Department notified plaintiff by letter that certain requirements in the original lease by the Post Office Department had not been met and demanded prompt action by plaintiff to furnish such additional air-conditioning equipment as necessary to meet the requirements.

The pleadings, the agreements entered in evidence and jury finding No. 2 all pertain to the contract entered into by the parties on or about April 1, 1962. The pleadings informed defendant what plaintiff intended to prove and what agreement he was relying upon to hold defendant liable. The basis of the pleading was defendant's responsibility contained in 6 (iii) of the contract of sale, wherein defendant "undertakes to see" the air-conditioning " * * * will function to standards required by POD."

Evidence introduced by plaintiff was directed to that pleading, and the issue submitted was based on said pleading.

While the allegations did not contain all the contract, we find no material variance between the pleadings and the agreement. Terry v. French, 5 Tex.Civ.App. 120, 23 S.W. 911 (1893, no writ hist.).

Points one through six are overruled.

■ In points seven through thirteen defendant contends that all it agreed to do was see that the equipment was in good order and would function at the start of the 1962 season. Defendant argues that the court should have so construed defendant's contractual obligation as a matter of law and instructed a verdict for defendant.

It is to be remembered the jury found that as of April 2, 1962, the air-conditioning unit would not function to standards required by the Post Office Department.

Clause 6 (iii) of the contract imposed the obligations upon defendant to see that the air-conditioning equipment was in good order *and* that it *would function* to *standards* required by the POD.

Adequate evidence was introduced as to the Post Office's requirements concerning "function" of air-conditioning equipment, and that those requirements were not being complied with as of April 2, 1962.

■ All points alleging misconstruction of the contract on the part of the trial court are overruled.

By points of error fourteen through nineteen defendant takes the position that if it did breach the contract, the breach occurred at "the start of the 1962 season" and that limitations began to run at that time.

Plaintiff's original petition was filed December 29, 1966, being more than four years after the start of the 1962 season. There is evidence that plaintiff knew as early as May, 1962 that the building was not being properly air-conditioned.

Issue No. 3 inquired of the jury, "From a preponderance of the evidence, if any, state when did plaintiff Nathan Greenblatt learn that the air-conditioning equipment in the Garland Postoffice would not function to standards required by the United States Postoffice Department?", to which the jury answered, "December 17, 1963."

This answer was based on letter from R. S. McAdams, Assistant Chief, Real Estate Branch of the Dallas Regional Office of the Post Office Department, dated December 17, 1963, and addressed to plaintiff's attorney.

While there had been previous complaints of inadequate air-conditioning, the evidence would sustain a finding that the above letter is the first specific information plaintiff received from the Post Office Department that the contractual requirements set out

in the original specifications were not being met.

Under the terms of the contract it was the POD and not plaintiff who was to determine whether the air-conditioning equipment would "function to standards required by POD."

In our opinion plaintiff had no known cause of action against defendant until the Post Office Department made the decision known to him that the air-conditioning was not functioning as required.

Plaintiff made demand on defendant soon after the letter was received from the Post Office Department. Defendant refused to do whatever was necessary to cool the building in accordance with the POD specification.

In our opinion limitation began on December 17, 1963. Suit was filed less than four years from that date.

The following authorities support our conclusion: Maddox v. Oldham Little Church Foundation, 411 S.W.2d 375 (Tex. Civ.App., 1967, ref., n. r. e.); United States Fidelity & Guaranty Co. v. San Diego State Bank, 155 S.W.2d 411 (Tex.Civ.App., 1941, ref., w. m.); Linkenhoger v. American Fidelity & Casualty Co., 152 Tex. 534, 260 S.W.2d 884 (Tex. Sup., 1953); Williams v. Pure Oil Co., 124 Tex. 341, 78 S.W.2d 929 (Tex.Com.App., 1935); Deaton v. Rush, 113 Tex. 176, 252 S.W. 1025 (Tex.Com.App., 1923); Puretex Lemon Juice v. S. Riekes & Sons of Dallas, Inc., 351 S.W.2d 119 (Tex.Civ.App., 1961, ref., n. r. e.).

The points claiming limitation are overruled.

■ The doctrine of caveat emptor is that where parties deal at arms' length, and each exercises or relies on his own judgment, the buyer, having an opportunity to do so, ought to inspect the thing bought and learn whatever a fair examination will disclose. If he neglects to avail himself of his opportunity and right to inspect, or if he makes an inspection but fails to note discoverable defects, he buys at his own risk, unless he exacts a warranty or can show fraud on the part of the seller. 50 Tex. Jur.2d 481, § 165.

■ In view of all the evidence it is clear that the defense of caveat emptor is not available to defendant in this case. The evidence is sufficient to show that plaintiff did not rely upon his own investigation of the air-conditioning system, in fact he did not investigate the system, having no reason to do so in view of the information he had at the time, but relied instead upon his contract with defendant.

The point claiming application of caveat emptor is overruled.

■ Under the contract defendant first obligated itself to see that the air-conditioning equipment was in good order and condition at the start of the 1962 summer season. That it was in good order and condition did not release defendant from its second obligation, towit, to see that the air-conditioning equipment would function to standards required by POD. As claimed by plaintiff, the obligations are separate and distinct, one being the order and condition of the equipment and the other that it would meet the specifications of the Post Office Department in functioning so as to hold the temperatures required by the Post Office.

So far as the evidence shows, the equipment would have been satisfactory in a smaller building or in the same building under different surroundings and conditions, but the essential fact is that it would not function in this particular building according to the Post Office requirements.

The claim is irreconcilable conflict is overruled.

All points of error are overruled.

Affirmed.